**Lewis Albert JACKSON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. KCD 26828.**

Missouri Court of Appeals, Kansas City District.

June 3, 1974.

Robert G. Duncan, William E. Shull, Gladstone, for appellant.

John C. Danforth, Atty. Gen., William F. Arnet, Asst. Atty. Gen., Jefferson City, for respondent.

Before DIXON, C. J., and SHANGLER and WASSERSTROM, JJ.

PER CURIAM:

This is an appeal from denial, after evidentiary hearing, of appellant's motion to vacate sentence under Rule 27.26, V.A.M. R.

The appellant was sentenced to a term of twenty-five (25) years for Robbery in the First Degree, on October 16, 1962. On December 1, 1971, appellant filed a motion to vacate his sentence. He alleged in his motion and contends on appeal that he was denied effective assistance of counsel in the original criminal proceeding because his counsel failed to properly investigate the law and facts prior to trial, and failed to properly present evidence and cross-examine at trial.

At the hearing, in support of the claim that his lawyer did not properly investigate the law and facts, the appellant testified that he discussed his case only once prior to trial with his attorney. However, the state called appellant's counsel, who affirmatively testified that he spoke with appellant at least four times prior to trial and interviewed witnesses in preparing for appellant's trial. There was no showing that the attorney's investigation resulted in a failure to uncover evidence which would have aided the appellant's position. Having failed to meet this burden of showing prejudice, no relief may be afforded appellant on this contention.

McQueen v. State, 475 S.W.2d 111 (Mo. banc 1971); Jones v. State, 491 S.W.2d 233 (Mo.1973); Thebeau v. State, 491 S. W.2d 275 (Mo.1973); Babcock v. State, 485 S.W.2d 85 (Mo.1972).

 Appellant's contention that his counsel failed to properly present evidence and cross-examine at trial does not constitute grounds for reversal. The hearing disclosed that counsel did cross-examine and had an arguably valid strategic reason for its limited nature. Even if counsel's judgment proved unsuccessful or erroneous, his action is not to be adjudged ineffective. Tucker v. State, 481 S.W.2d 10 (Mo.1972).

The findings of fact by the trial court are not clearly erroneous. An extended opinion would have no precedential value, and the judgment is therefore affirmed under Rule 84.16, V.A.M.R.