**Willie Lee EDWARDS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. KDC 27943.**

Missouri Court of Appeals,
Kansas City District.

March 1, 1976.
Motion for Rehearing and/or Transfer
Denied March 29, 1976.

Thomas M. Larson, Public Defender, Sixteenth Judicial Circuit, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Douglas G. Mooney, Asst. Atty. Gen., Jefferson City, for respondent.

Before DIXON, P. J., PRITCHARD, C. J., and WASSERSTROM, J.

PRITCHARD, Chief Judge.

■ Appellant's motion to vacate sentence under Rule 27.26 was denied by the trial court after an evidentiary hearing at which appellant was present with counsel. Appellant's conviction of murder in the first degree, and his sentence to life imprisonment, were affirmed on direct appeal. State v. Edwards, 486 S.W.2d 224 (Mo.1972), and at page 226 of the opinion appellant's present Point III that "The Circuit Court erred in not instructing the jury on lesser included offenses" [an allegation of error grossly insufficient under Rule 84.04(d)] was considered and ruled. Besides that disposition, it is well settled that the giving or refusing of instructions being matters of trial error, unless the error, if any, is so glaring as to make the trial unfair, are not to be raised collaterally in Rule 27.26 proceedings. Tucker v. State, 481 S.W.2d 10, 14[4–6] (Mo.1972); State ex rel. Tindall v. Peters, 516 S.W.2d 532, 534[4] (Mo.App. 1974). For these two reasons, appellant's Point III is without merit and is overruled.

■ With little more clarity appellant's Point I is that "The Circuit Court erred in ruling that appellant's failure to raise his Rule 27.26 grounds on direct appeal precluded appellant from raising these issues on collateral attack" (e. g. what "grounds" are alluded to in the point?). Adverting to appellant's Rule 27.26 motion, it is found that the allegation "(a) That Movant, a negro, was deprived of his right to a fair and impartial trial in violation of the 6th and 14th Amendments to the Constitution of the United States for the reason that all negroes were systematically excluded from Movant's jury solely because of their race; that it is a common practice of the State within Jackson County, Missouri to systematically exclude, by use of strikes and peremptory challenges at trials by juries, all negroes from negro defendant juries thus depriving negro defendants of a jury representing a fair representation of the community (citing cases)." This allegation, although not even approached in detail in Point I, is insufficient to raise an issue of improper discrimination and abuse of the peremptory challenge under State v. Baker, 524 S.W.2d 122, 125 (Mo. banc 1975). Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965), was there construed, and the court noted that defendant alleged and proved that no blacks had sat on a petit jury in a particular county for a period of 14 years, but that was not enough; "[H]e must also show the prosecutor's responsibility for such a result, since defense counsel share at least an equal role in the peremptory process." The Baker court further noted that there was no allegation that there have been no blacks on petit juries for any given period of time, which allegation might give rise to a fair inference of improper discrimination and abuse of the peremptory challenge, and that the assumption that the allegation showed a violation of Swain indicates a misreading of that case. "To comport therewith the defendant must allege that the exclusion of blacks is made 'in case after case, whatever the circumstances, whatever the crime and whoever the defendant or the victim may be . . with the result that no Negroes ever serve on petit juries. . . . .' 380 U.S. at 223, 85 S.Ct. at 837." No such allegations are here made, and for that reason alone, Point I is overruled.

■ Appellant's second point is again improperly abstract, "The Circuit Court erred in preventing appellant from challenging the method of jury selection." However, there is no allegation in appellant's Rule 27.26 motion which even remotely presents any issue of curtailment in any fashion of the right to challenge the method of jury selection. Not having been presented to the trial court, it cannot be here considered. Point II is overruled.

The judgment is affirmed.

All concur.