Jerry Robert CLOUD, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. KCD 28026.

Missouri Court of Appeals, Kansas City District.

March 29, 1976.

Gerald Kiser, Public Defender, Liberty, for movant-appellant.

John C. Danforth, Atty. Gen., Nanette Laughrey, Asst. Atty. Gen., Jefferson City, for respondent.

Before DIXON, P. J., PRITCHARD, C. J., and WASSERSTROM, J.

DIXON, Presiding Judge.

Movant appeals the trial court denial of his 27.26 motion without evidentiary hear-

ing. The direct appeal of movant's conviction is reported in *Cloud v. State,* 507 S.W.2d 667 (Mo.App.1974). The opinion there reported gives a sufficient statement of the basic facts of the armed robbery for which movant was convicted to obviate repetition of those facts.

■ Movant first contends that the trial court erred in denying his motion because the trial court did not, at the time of trial, hold an evidentiary hearing on the sanity of defendant. A court ordered mental examination of defendant revealed no basis for a finding of incompetency, either at the time of the offense or at trial. The movant never requested a hearing or in any way challenged the findings of the court ordered examination. The motion states no facts, and the trial transcript which is here demonstrates none, which would remotely suggest such an issue. Movant is simply in error in asserting that a hearing is required absent a bona fide doubt as to sanity. *Ervin v. State,* 525 S.W.2d 381 (Mo.App.1975); *Boyer v. State,* 527 S.W.2d 432 (Mo.App. 1975).

■ Movant next predicates error on the failure of the trial court to conduct an evidentiary hearing on the movant's claim that his trial counsel was ineffective. The pro se motion asserts that counsel's ineffectiveness consisted of failing to file a motion pursuant to Rule 27.04 to reduce the jury-imposed sentence of 43 years. The amended motion filed after counsel was appointed in the proceedings on the motion broadens the claim in the facts in support to include "for counsel's failure to render proper assistance by failing to protect Movant's rights in obtaining a fair trial, etc." Whatever "etc." may be intended to mean in a pleading of this nature, it cannot aid the purely conclusionary nature of the claim in the amended motion that there was ineffective assistance of counsel as set forth in the pro se motion.

The issue then turns on the original premise of the pro se pleading. That premise is that the failure to file under Rule 27.04 shows ipso facto ineffectiveness of counsel which should have been determined by the trial court in an evidentiary hearing on the motion.

The flaw in this argument is that nowhere does the movant allege that prejudice to the defendant occurred as a result of this failure by counsel. The nearest approach to such a claim is the assertion by defendant, "The circumstances of the case reveal that the punishment assessed was greater than ought to have been inflicted and certainly called for counsel to investigate the matter prior to sentencing."

As noted, the trial transcript was made a part of the record in this case, and it has been re-examined in the light of the movant's contention. No such circumstances appear as movant's conclusion asserts. No requirement of case law or statute requires such a review, but the ineptly worded pro se motion presents no reasoned legal position, and the factual determination makes it clear none could be presented.

■ Movant also attacks the denial of an evidentiary hearing by asserting that his motion alleges that the State knowingly permitted the complaining witnesses, Mr. and Mrs. Studna, to testify falsely. The basis for that claim presents no factual issue. The claim rests on the admitted fact that at trial Mr. Studna did testify that the robber had a phony mustache. On the other hand, the police officer who interviewed Mr. Studna said that Mr. Studna said the robber had a wide mustache. That inconsistency in testimony cannot be said to constitute perjury. *Tyler v. State,* 501 S.W.2d 189 (Mo.App.1973). There being no perjury, the trial court had no obligation to order an evidentiary hearing to review the evidence at trial. If the movant's position were sound, the bare allegation of perjury would require re-examination of every trial in which inconsistencies appeared in the witnesses' testimonies, a proposition which once articulated demonstrates its absurdity.

■ Movant seeks to elevate another trial incident to a claim of error in refusing an evidentiary hearing by asserting that trial counsel was ineffective in dealing with a "mugshot." The complaining witnesses

stated that they first identified the defendant by selecting a photograph from a large number displayed to them by the police. At trial, the photograph was not introduced or identified by them and so far as the record discloses was never physically produced. Defense counsel, seizing upon the fact that the photograph had not been produced, argued to the jury without objection that the fact the photograph had not been produced cast doubt upon the identification of the defendant by the complaining witnesses. The jury, apparently impressed by the argument, sent a note to the trial judge asking if they could see the photograph. The defendant's counsel objected to any such procedure on the sound ground that no photograph had been identified, much less introduced, stating he had never even seen it. The trial judge quite properly sustained the objection and denied the jury's request.

Movant now asserts, apparently on the basis of clairvoyance, that the photograph did not resemble him and that his counsel was derelict in not "seeing" the photograph and "should not have objected" to the jury viewing the photograph.

A more classic example of trial tactics would be hard to put. The defense lawyer, when the State had shown in evidence that the photograph existed, simply awaited the opportunity to turn the failure to produce to the defendant's advantage. From the jury inquiry, it is clear the argument had force. Such trial tactics would not support a claim of ineffectiveness of counsel. *Crow v. State,* 514 S.W.2d 13 (Mo.App.1974); *Jackson v. State,* 510 S.W.2d 707 (Mo.App. 1974). Nor can they be converted to improper representation by the unsupported conclusions of the movant. No evidentiary hearing was necessary.

Movant's final point is an abstract statement that the trial court erred in failing to provide an evidentiary hearing on certain numbered points in the motion. Neither in the point nor in the argument is the statement expanded to permit this court to understand what specific error is claimed. That defect would be sufficient to justify a refusal to consider the claim. The

motion has been reviewed in the areas specified, and it is apparent each of the points referred to is either totally without merit or is a matter concluded on the direct appeal of this conviction.

Affirmed.

All concur.