**Field DAVIS, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 38214.

Missouri Court of Appeals,
St. Louis District.

May 17, 1977.

Huck, Kasten & LaBeaume, James W. Huck, St. Louis, for movant-appellant.

John Ashcroft, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., Charles D. Sindel, Asst. Circuit Atty., St. Louis, for respondent.

CLEMENS, Presiding Judge.

Movant Field Davis appeals the denial of his Rule 27.26 motion alleging ineffective assistance of counsel by failing to subpoena an alibi witness. The state contends movant's evidence did not show counsel was incompetent in believing the witness would appear voluntarily and that movant failed to show he was prejudiced by non-appearance of the witness.

Movant, then defendant, was tried and found guilty of armed robbery and the conviction was affirmed on appeal. *State v. Davis*, 527 S.W.2d 32 (Mo.App.1975). The state's evidence was that defendant accosted the victim at the door of his office and robbed him of $48, that police apprehended defendant while running away and found $48 in his possession. Defendant testified he had been in the home of Harrell Yeager, that he had "just stepped out the door" and had been arrested "moments later." Yeager did not appear as a witness at the trial.

The trial court granted an evidentiary hearing on movant's Rule 27.26 motion. He testified he had told his trial counsel, Mr. Thomas Prebil, that Harrell Yeager would

testify that he and movant "were in his basement at the time the alleged robbery had went down." (sic). Defendant was free on bond and as neighborhood "associates" movant saw Yeager frequently. He testified he did not talk with Yeager about the robbery charge as he thought Mr. Prebil would do that.

■ We note that at the evidentiary hearing movant failed to produce Yeager as a witness or to account for his absence. Movant thus failed to meet his burden of showing the degree of prejudice allegedly caused by Yeager's absence at trial. *Jackson v. State*, 510 S.W.2d 707[1] (Mo.App. 1974).

Mr. Prebil, a public defender, testified for the state. First through an investigator and then in person, Mr. Prebil had interviewed Yeager who said he would appear as an alibi witness. Mr. Prebil understood movant and Yeager were friendly and saw each other frequently. As trial approached Mr. Prebil told movant of the time and place and movant told Mr. Prebil he would contact Yeager about appearing. With this information, Mr. Prebil decided it was unnecessary to have Yeager subpoenaed. Yeager did not appear at trial and Mr. Prebil's efforts to locate him then were fruitless.

Upon completion of the evidentiary hearing the trial court denied the post-conviction motion, finding that Yeager lived in the same neighborhood with the movant, that movant knew Yeager personally and had often seen him in the neighborhood while movant was free on bond; that defendant had told Mr. Prebil Yeager was a willing witness for movant and that Mr. Prebil had reason to believe Yeager would voluntarily appear at trial. The court thus found Mr. Prebil was not at fault in failing to subpoena Yeager.

■ The burden of proving grounds for the relief sought rested upon movant. The findings of the trial court are presumptively correct and must be sustained on appeal unless they are clearly erroneous. A determination that the trial court findings are clearly erroneous means that a finding is erroneous only when the reviewing court on the entire record has definite and firm conviction the trial court erred in finding movant was not denied effective assistance of counsel. *Crosswhite v. State*, 426 S.W.2d 67[1] (Mo.1968).

■ In *Cheek v. State*, 459 S.W.2d 278[2] (Mo.1970) the court ruled "an appellate court will not review or reassess by hindsight the judgment of defense counsel on questions of strategy, trial tactics, or trial decisions." And, in *Johnson v. State*, 479 S.W.2d 416[6] (Mo.1972), the court rejected a contention of ineffective assistance of counsel, stating: "In the preparation of a case a lawyer is not required to be clairvoyant, and he must of necessity rely on information furnished him by his client."

Considering the record here in the light of cases cited above, we hold the trial court did not err in denying movant's Rule 27.26 motion.

Judgment affirmed.

DOWD and WEIER, JJ., concur.