**Joseph L. WALLACE,
Defendant-Appellant,**

v.

**STATE of Missouri,
Plaintiff-Respondent.**

No. 38003.

Missouri Court of Appeals,
St. Louis District,
Division Two.

Sept. 13, 1977.

Theodore Guberman, Asst. Public Defender, St. Louis, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

McMILLIAN, Presiding Judge.

Defendant appeals from an order of the circuit court of the City of St. Louis refusing to grant him an evidentiary hearing and assistance of counsel for his Rule 27.26 motion. For reversal, defendant claims that the court should have ordered an evidentiary hearing because the "files and records of the case [did not] conclusively show he was entitled to no relief" (27.26(e)), and the trial court should have appointed counsel because his motion presented an issue of fact (27.26(h)). We find no merit in these allegations of error and accordingly affirm.

On October 5, 1971, defendant was convicted by a jury on a charge of murder alleged to have occurred on November 4, 1970, and punishment was assessed at life imprisonment. Defendant appealed and the judgment was affirmed by the Supreme Court of Missouri in *State v. Wallace*, 504 S.W.2d 67 (Mo.1973).

On January 19, 1976, defendant filed a motion to vacate, set aside or correct under Rule 27.26 claiming that he "was denied a jury of his peers that truly reflected a cross-section of the community in that there was only one Negro on the jury." The affidavit of the trial judge indicates that of the sixty-six veniremen summoned, twenty-one were blacks and of the forty-seven veniremen selected, four blacks were struck by the defendant's court-appointed attorney.

To entitle a 27.26 movant to an evidentiary hearing, the movant must plead facts, not conclusions, which, if true, would entitle him to relief and must show that such factual allegations are not refuted by facts elicited at the trial. *Smith v. State*, 513 S.W.2d 407, 411 (Mo. Banc 1974).

Here appellant has failed to plead facts which would entitle him to relief, and therefore is not entitled to an evidentiary hearing. He has alleged that he was "denied a jury of his peers that truly reflected a cross-section of the community" but this allegation alone entitles him to nothing. A defendant has a right to a jury selected from a representative cross-section of persons in the community but this does not mean every jury panel must contain persons from every group. It does mean that there can be no deliberate exclusion of any legally qualified group. *State v. Smith*, 467 S.W.2d 6, 7 (Mo.1971). A systematic exclusion must be alleged and proved in order to impeach a jury panel on this ground. *State v. Mooring*, 445 S.W.2d 303, 305 (Mo.1969); *State v. Dowe*, 432 S.W.2d 272, 275 (Mo. 1968); *State v. Taggert*, 443 S.W.2d 168, 170 (Mo.1969). Defendant must allege that the exclusion of blacks is made in case after case, whatever the circumstances, whatever the crime and whoever the defendant or victim may be with the result that no Negroes ever serve on petit juries. *Edwards v. State*, 535 S.W.2d 124, 125 (Mo.App.1976), *Swain v. Alabama*, 380 U.S. 202, 223, 85 S.Ct. 824, 837, 13 L.Ed.2d 759 (1965).

Because defendant alleged only that he was denied a jury which reflected a cross-section of the community and not that the racial composition of his jury was due to a systematic exclusion of blacks, he has failed to plead facts which would entitle him to relief. The defendant's position on appeal is that he needs an evidentiary hearing to develop evidence of systematic exclusion of blacks. But, the fact remains that he should have properly plead his charge in his 27.26 motion rather than try to remedy his pleading by innuendoes in his appellate brief.

It may appear inequitable to require this precision for pleadings in a pro se motion but our courts have continually done so on 27.26 motions. In *Smith v. State*, 513 S.W.2d 407 (Mo. Banc 1974), the Missouri Supreme Court held that a defendant's pro

se 27.26 motion that he was denied effective assistance of counsel was insufficient to require an evidentiary hearing because "he [did] not allege what defenses were available," *Smith v. State,* supra, at 411. The court took this position despite a strong dissent that it was inequitable to require legal precision from a pro se motion, *Smith v. State,* supra. In *Cloud v. State,* 535 S.W.2d 577 (Mo.App.1976), the court rejected the movant's claim in a 27.26 motion that he was denied effective assistance of counsel because the movant failed to allege that he was prejudiced by the attorney's action. The court stated, "the ineptly worded pro se motion presents no reasoned legal position, and the factual determination makes it clear none can be presented." *Id.* at 578.

 Moreover, even if the defendant had worded his motion properly and claimed that "Negroes were systematically excluded from jury panels with the result that no Negroes ever served on petit juries," the record in this case demonstrates that this is not so. Almost exactly ⅛ of the veniremen summoned were blacks and one black served on the petit jury. Presumably four additional blacks would have served on the petit jury if the defendant had not stricken them. Rule 27.26(e) requires that "unless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief, a prompt hearing thereon shall be held." The evidence in this case of the number of black veniremen who were available for the petit jury clearly disproves any claim that "Blacks are excluded in case after case with the result that no Negroes ever serve on petit juries." In other words, even if the defendant had properly plead his discrimination charge, the evidence conclusively shows that systematic discrimination was not practiced, and thus, the defendant is not entitled to an evidentiary hearing on this point.

That the record itself rebutted a discrimination charge is the distinguishing factor between this case and past 27.26 cases where the defendant was granted an evidentiary hearing to consider his claim of discriminatory jury selection. In these past cases the question was whether the peremptory striking of all blacks by the state on the sole basis of race is a denial of the appellant's right to a fair trial and the record as it stood, could not rebut this charge. *Hall v. State,* 470 S.W.2d 473 (Mo. 1971); *Clark v. State,* 465 S.W.2d 557 (Mo. 1971); *Edwards v. State,* 535 S.W.2d 124 (Mo.App.1976). Thus an evidentiary hearing was necessary. Here, however, the evidence would refute any charge of systematic exclusion of blacks.

▪ Defendant also claims that the trial court erred in failing to appoint counsel to assist him in the preparation of his claim. Counsel need not be appointed if the motion does not plead facts which, if true, would entitle the movant to relief. *Winston v. State,* 533 S.W.2d 709, 714 (Mo.App.1976); *Loflin v. State,* 492 S.W.2d 770, 773 (Mo. Banc 1973). We have already determined that the defendant failed to meet this test, therefore, the trial court did not err in failing to appoint counsel for the defendant.

Accordingly, judgment is affirmed.

STEWART and REINHARD, JJ., concur.