Daniel R. WALKER, Appellant,

v.

STATE of Missouri, Respondent.

No. KCD 29179.

Missouri Court of Appeals,
Kansas City District.

May 1, 1978.

Motion for Rehearing and/or Transfer
Denied June 12, 1978.

Application to Transfer Denied
July 24, 1978.

Robert E. Hart, Kansas City, Robert G. Duncan, Duncan & Russell, Gladstone, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Chief Counsel, Crim. Div., Jefferson City, for respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

SOMERVILLE, Presiding Judge.

Daniel Ray Walker was found guilty of rape, sodomy per os and sodomy per anum by a Platte County jury. Walker was charged under the second offender act and the trial judge fixed his punishment at life imprisonment for each offense, said sentences to run concurrently. Failing to obtain relief by way of direct appeal, *State v. Walker,* 484 S.W.2d 284 (Mo.1972), Walker resorted to Rule 27.26. The matter is now lodged in this court by reason of the trial court's denial of post-conviction relief to Walker following an evidentiary hearing.

Numerous reasons postulated by Walker in a "shotgun" manner in his Rule 27.26 motion for post-conviction relief have been winnowed to one basic point on appeal—ineffective assistance of counsel. According to Walker two incidents demonstrate such gross ineptness on the part of counsel during the underlying criminal trial as to render his assistance totally ineffective. First, in permitting Walker to testify in his own behalf as doing so was tantamount to a "judicial confession", and second, in failing to exercise reasonable diligence regarding investigations of the prosecutrix's background for purpose of impeachment.

In taking legal measure of the performance of counsel vis-a-vis a charge of ineffective or inadequate representation, certain "benchmark" principles have evolved. Stripped of all unnecessary rhetoric, what in retrospect appear to be mere errors in judgment do not brand counsel as incompetent, *Lahmann v. State,* 509 S.W.2d 791, 794 (Mo.App.1974), and *Hall v. State,* 496 S.W.2d 300, 303 (Mo.App.1973), and every review ultimately focuses on whether the acts of counsel have been such as to result in a substantial deprivation of accused's right to a fair trial, *Aikens v. State,* 549 S.W.2d 117, 121 (Mo.App.1977), and *Nelson v. State,* 537 S.W.2d 689, 695 (Mo.App. 1976).

The first prong of Walker's claim of ineffective assistance of counsel deals with his contention that counsel should not have permitted him to take the stand and testify in his own behalf because doing so was the equivalent of a judicial confession that he was guilty of the charge of sodomy per os. At the hearing on his Rule 27.26 motion Walker testified that at the underlying criminal trial his testimony in connection with the sodomy per os charge was as follows: "That when we started to take her clothes off she went down and put my penis in her mouth and it was there for four or five seconds and I pulled her up and told her she didn't know what she was doing". Walker implies that he gave an identical version of these facts to counsel prior to trial. Walker rationalizes that his pre-trial version of the facts and his trial testimony can only be construed as evidence of mutual consent on the part of him and the prosecutrix to engage in an act of sodomy per os, and as consent on his part rendered him criminally liable as an accomplice, 81 C.J.S. Sodomy, § 7, p. 655, while consent on the part of the prosecutrix did not constitute a defense to him, *State v. Katz,* 266 Mo. 493, 181 S.W. 425 (1916); *State v. Pfeiffer,* 277 Mo. 202, 209 S.W. 925 (1918); *State v. Villinger,* 237 S.W.2d 132 (Mo.1951), and *State v. Shumate,* 516 S.W.2d 297 (Mo.App.1974), his testimony was so inculpatory that it amounted to a judicial confession.

Walker is prone to ignore the testimony of counsel at the Rule 27.26 evidentiary hearing. Its consideration is absolutely necessary in order to place the first prong of Walker's charge of ineffectiveness of counsel in proper perspective. At the Rule 27.26 evidentiary hearing counsel testified that he explained the "elements" of all three of the charged offenses to Walker and the "pitfalls" of Walker testifying in his own behalf, but that Walker wanted to and did freely and voluntarily take the stand and testify. Counsel further testified that on several occasions prior to the time that Walker took the witness stand, the various charges were discussed at length between himself and Walker at which time Walker, as recounted by counsel, related the following fact with respect to the charge of sodomy per os: "Fact of the matter is, his conversation to me was that while they were fondling one another in this automobile that she went down and put her mouth over his penis and that startled him and he immediately pushed her away, he was not expecting that, that is consistently what he told me about that". The version of facts related by Walker to counsel prior to trial consummately refuted any thought that Walker knowingly or voluntarily participated in an act of sodomy per os. Quite the opposite, Walker's version of the facts, as related to counsel prior to trial, demonstrated that Walker was an unwilling participant and that he quickly terminated the prosecutrix's unnatural and perverse advances. The trial judge who presided over Walker's Rule 27.26 evidentiary hearing evidently chose to believe counsel's testimony, as was his prerogative. *Shoemake v. State,* 462 S.W.2d 772, 775 (Mo. banc 1971).

■ An unwilling participant in an act of sodomy is not an accomplice. *State v. Crawford,* 478 S.W.2d 314, 319 (Mo.1972). As Walker's pre-trial version of the facts to counsel absolved him from either active or passive participation in an act of oral sodomy, and, in fact, demonstrated that he was unwillingly victimized by the prosecutrix's unnatural and perverse aggressiveness, counsel cannot be branded as inept, inadequate, or ineffective for permitting Walker to take the stand in his own behalf. The trial was essentially a one on one confrontation—the prosecutrix's word against Walker's word. Counsel had no forewarning or inkling that Walker's trial testimony would vary or differ in any respect from his pre-trial recitation of the facts which was wholly exculpatory regarding all three charged offenses. Viewed in light of the unique circumstances presented, this court has been unable to ascertain any act of omission or commission on the part of counsel which could reasonably be held responsible for Walker's claimed testimonial confession. If such occurred, Walker himself must bear the responsibility for its occurrence. Blame and responsibility for adverse trial incidents cannot always be laid at the feet of counsel.

■ The final prong of Walker's claim of ineffective assistance of counsel deals with his contention that counsel failed to exercise proper diligence in investigating the prosecutrix's background for information which could have been used for impeachment purposes. According to Walker, he advised counsel that he had information which led him to believe that the prosecutrix had undergone two abortions but that counsel made no effort to verify such or use it for impeachment purposes during his cross-examination of the prosecutrix. At the Rule 27.26 evidentiary hearing Walker's counsel denied that Walker ever suggested or mentioned that the prosecutrix had previously undergone two abortions. Again, the trial judge, as was his right, obviously chose to believe counsel's testimony as opposed to Walker's testimony. *Shoemake v. State,* supra. Assuming, arguendo, that Walker informed counsel of the two purported abortions and counsel failed to follow through with an appropriate investigation, it is impossible to conceive how Walker was prejudiced in any manner because the prosecutrix, both on direct and cross-examination at the underlying criminal trial, freely admitted to having previously engaged in frequent acts of intercourse with other males. Resultant prejudice is the sine qua non of ineffective

assistance of counsel when the charge is predicated on failure to investigate. *Stewart v. State,* 542 S.W.2d 544, 546 (Mo.App. 1976). It should also be noted that a strong presumption obtains that counsel was competent and a Rule 27.26 movant bears the burden of proving otherwise. *Haynes v. State,* 534 S.W.2d 552, 554 (Mo.App.1976). As pointed out in *Haynes,* at 554, "[t]he determination of whether this burden has been met by movant is a two-step process . . . [t]o prevail, movant must show first the failure of counsel to perform some duty, and secondly, that this failure actually prejudiced the defense." The prosecutrix's freely admitted acts of prior sexual indiscretion anent Walker's burden of showing that he was prejudiced by counsel's failure to investigate the two purported abortions augurs against Walker and insulates the judgment entered by the trial court from being stigmatized as "clearly erroneous". Rule 27.26(j). Parenthetically, Walker throughout has assumed the admissibility of evidence pertaining to the two abortions purportedly undergone by the prosecutrix— an assumption of dubious validity. Although case law at the time of Walker's underlying criminal trial permitted attacks upon the prosecutrix's character for purposes of impeachment by way of evidence that her general reputation for morality and chastity was bad, evidence of specific acts of immorality or unchastity was legally taboo. *State v. Yowell,* 513 S.W.2d 397, 403 (Mo. banc 1974); and *State v. Ruhr,* 533 S.W.2d 656, 659 (Mo.App.1976).

Judgment affirmed.

All concur.