Ronald DRAKE, Movant-Appellant,

v.

STATE of Missouri,
Respondent-Respondent.

No. 39892.

Missouri Court of Appeals,
Eastern District,
Division One.

May 15, 1979.

Motion for Rehearing and/or Transfer to
Supreme Court Denied June 15, 1979.

Application to Transfer Denied
July 17, 1979.

James C. Jones, St. Louis, for movant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Chief Counsel, Gregory W. Schroeder, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., Sam C. Bertolett, St. Louis, for respondent-respondent.

SNYDER, Presiding Judge.

Ronald Drake's motion for post-conviction relief under Rule 27.26 was denied and he appeals.

Appellant was found guilty of first degree murder in October 1973 after a jury trial and sentenced to life imprisonment. His conviction was affirmed by this court on direct appeal, *State v. Drake*, 518 S.W.2d 335 (Mo.App.1975). Counsel was appointed to represent appellant after he filed his *pro se* Rule 27.26 motion in December 1976. Supplemental motions were then filed which alleged newly discovered evidence and ineffective assistance of counsel at the original trial. The trial court denied the motion after an evidentiary hearing, and this appeal followed. The judgment is affirmed.

The record of the original trial, a brief summary of which is necessary background to this determination, was introduced at the Rule 27.26 hearing. The essence of the state's evidence was that the appellant met

two men, Simms and Selvage, on the day of the homicide and spent the afternoon in their company. Late in the afternoon the trio visited the residence of one Newton, who allegedly owed Simms some money. They encountered the victim while there, and the victim joined their party as they left in an automobile driven by Simms. The victim sat in the front passenger's seat, with appellant directly behind him. As the foursome proceeded to the residence of a Barbara Smallwood at appellant's request, appellant shot the victim. When the victim fled the car, appellant pursued him and fired several more shots. Appellant then had to run to catch up to the car, which was proceeding slowly down an alley. A young woman who heard the shots saw an unidentified man running after a car in that alley following the gunfire. When asked later why he had shot the victim, appellant told Simms that the victim had testified against him "back about '64 or '65."

At the original trial both Simms and Selvage testified essentially as outlined above. Both had criminal records. Appellant, who also had an extensive criminal record, did not take the stand in his own defense.

At his Rule 27.26 hearing, appellant produced a witness named Farmer, a fellow inmate at the state penitentiary, as the source of his newly discovered evidence. Farmer testified that, shortly after the incident, Simms (with whom Farmer was then residing) had told Farmer that Simms, Selvage and one Moore were the only persons present when the victim was killed, and that Simms had picked Moore up shortly after appellant left the car. Farmer said Simms told him Moore shot the victim during a struggle that developed out of an argument over a debt the victim owed Simms. Farmer also testified that he had told Simms' story to certain police officers who investigated the homicide. These officers denied that Farmer had ever informed them of Simms' alleged account of the incident.

Appellant testified that he had been in the company of Ms. Smallwood at the time the victim was shot, and that although he had asked counsel to produce her at his original trial, counsel failed to do so. Appellant also said that counsel had advised him not to testify, and that he had relied on that advice. Appellant further testified that once he and counsel had learned of the state's evidence regarding appellant's alleged motive in shooting the victim, he had requested counsel to disprove this evidence by introducing appellant's prior court records at trial, but that counsel again failed to comply with his request.

Appellant's present counsel testified he was unable to locate Barbara Smallwood prior to the hearing. Appellant introduced two court files from 1966, records of his convictions on two drug charges. Neither showed the victim as being a witness against appellant. Appellant's other convictions were stipulated to before the hearing and included three for burglary in 1961 and one for shooting into a dwelling in 1971. Appellant had also been arrested on numerous other occasions, including once for murder, and had been before a grand jury, although no conviction resulted.

The deposition of appellant's former counsel, who now resides on the east coast, was read into the record. Counsel stated that appellant had never mentioned an alibi defense, and that appellant in fact had given no satisfactory account of his whereabouts after leaving the company of the others. Counsel maintained that it was appellant's idea not to testify in his own behalf and that counsel's recollection of this matter was particularly clear because he found it very unusual for a criminal defendant to make the decision not to testify. Counsel, however, said he concurred in appellant's decision in view of his extensive criminal record. Counsel also searched appellant's prior court records after learning of the state's motive evidence but decided, as a tactical matter, not to introduce those records because of their prejudicial nature, because of the difficulty of proving a negative and because they would not disprove any testimony by the victim against the appellant in a non-recorded preliminary hearing in a prior proceeding.

The trial court found factually, among other things, Simms had never told Farmer that appellant had no part in the killing; appellant had decided on his own not to testify at his trial; appellant had never asked counsel to obtain Barbara Smallwood's testimony at trial; and that on learning of Simms' testimony as to appellant's motive in shooting the victim, counsel had declined as a matter of trial strategy, to introduce records of appellant's prior convictions in which the victim did not appear as a witness. The court then concluded, as a matter of law, that there was no newly discovered evidence and that appellant had not been denied effective assistance of counsel.·

■ Appellant first urges error below on the basis that his newly discovered evidence mandated an award of the relief sought. Appellant concedes that new evidence tending to show that someone other than a Rule 27.26 movant committed the crime in question is not a proper ground for relief under the rule. *Beishir v. State,* 480 S.W.2d 883, 885[1] (Mo.1972). He would escape the operation of this rule, however, by analogy with a certain body of federal law that affords post-conviction relief where the new evidence is such as "[t]o undermine the entire structure of the [prosecution's] case," *Kelly v. Ragen,* 129 F.2d 811, 813 (7th Cir. 1942), and it reveals "a wrong so fundamental that it made the whole proceeding a mere pretense of a trial," *Brown v. Mississippi,* 297 U.S. 278, 286, 56 S.Ct. 461, 465, 80 L.Ed. 682 (1936).

The cases cited by appellant involve blatant and shocking denials of due process, as exemplified by prosecutorial complicity in perjured testimony, or the use at trial of confessions admittedly extracted by torture. They are not in point. No due process objections were raised below regarding the allegedly newly discovered evidence, and none are before the court on review. The conclusion is inescapable that appellant is attempting to use these Rule 27.26 proceedings as a form for relitigating his guilt or innocence, and this he may not do, *Bradley v. State,* 494 S.W.2d 45, 48[3] (Mo.1973).

Appellant next complains that the trial court erred in finding that he was not denied effective assistance of counsel. He bases his contention on the trial counsel's failure to: (1) secure the testimony of Barbara Smallwood, the alleged alibi witness; (2) learn of the state's motive evidence at the earliest possible time and to counter the motive evidence by the introduction of appellant's prior court files; and (3) advise appellant to testify in his own defense.

■ In order to demonstrate ineffective assistance of counsel, appellant must show both the violation by counsel of some duty owed to appellant, and actual prejudice to him as a result. *Walker v. State,* 567 S.W.2d 398, 401[7] (Mo.App.1978).

■ There is a strong presumption in favor of competence of counsel, which appellant may overcome only with proof amounting to a preponderance of the evidence. *Pickens v. State,* 549 S.W.2d 910, 912[2, 3] (Mo.App.1977). Appellant has not met this burden of proof.

■ The trial court found that appellant never requested counsel to contact Smallwood, accepting counsel's account of pretrial events to the exclusion of appellant's. Counsel also testified that appellant did not say he was in Ms. Smallwood's company at the time of the incident because he offered no explanation of where he was. Such straightforward questions of credibility, when raised in Rule 27.26 proceedings, are left to the determination of the trial judge. *Pickens v. State, supra,* 913[6]. This court defers to his finding.

■ Given the fact that appellant never requested counsel to secure the presence of Smallwood at trial, can it be said that counsel's failure to produce her on his own constitutes a violation of his duty to appellant? Appellant cites several cases for the proposition that mere failure to investigate and interview every possible witness constitutes ineffective assistance. However, there has never been a hard and fast rule in Missouri requiring counsel to conduct an investigation and interview of every conceivable wit-

ness in all cases and under all circumstances, *Aikens v. State*, 549 S.W.2d 117, 121[9] (Mo.App.1977), and each case will ultimately turn on its own peculiar set of facts.

The record supports a finding that counsel never had any reason to think that appellant ever arrived at Ms. Smallwood's residence on the evening in question, or that she would have had any useful information on the case at all.

Appellant maintains that counsel's failure to learn of the state's motive evidence in advance of trial, and to counter the same by introducing movant's prior court files at trial, constituted ineffective assistance. However, appellant fails to show how he was prejudiced thereby, an affirmative showing of which is necessary to fulfill his burden under *Walker, supra*, 401.

Early discovery would not have resulted in its exclusion from the evidence at trial. Once the testimony was introduced, counsel investigated the court files in question. Counsel declined to introduce the previous court records, even though they contained no indication of the victim having testified against appellant, because of their unavoidably prejudicial nature; because they involved drug-related offenses which would undermine counsel's defense strategy of suggesting that Simms had actually killed the victim over a disputed drug debt; and because they would not disprove the fact of the victim's involvement at some preliminary stage of the recorded proceedings, or in one of the other arrests of appellant that did not result in conviction.

Appellate courts " 'will not review or reassess by hindsight the judgment of defense counsel on questions of strategy, trial tactics, or trial decisions.' [Citing cases]." *Davis v. State*, 552 S.W.2d 68, 69[4] (Mo.App.1977). Appellant has failed to carry his burden of demonstrating that he was prejudiced by the withholding of the court files.

Appellant argues that counsel was inadequate in failing to advise him to testify in his own defense because he was thus deprived of any opportunity to present his alibi defense and to counter the state's motive evidence.

The trial court found that "[m]ovant decided not to testify in his own defense at trial. The decision was his alone, although his defense counsel concurred in the decision . . . . . Counsel concurred in [this] decision not only because of movant's prior record but also because Drake could not give a good account of his movements at the time of the incident." This finding is fully supported by the record.

Counsel's concurrence in movant's decision not to testify is a matter of trial strategy, *Campbell v. State*, 532 S.W.2d 844, 847[4] (Mo.App.1975), and, if it were an error, falls under the general rule that errors in strategy or judgment as proof of counsel's ineffectiveness will not be considered. *Campbell, supra*, 847, citing *McCarthy v. State*, 502 S.W.2d 397, 405[14] (Mo.App.1973).

Appellant claims that the trial court erroneously denied relief because "an examination of the entire record requires a determination that movant was denied effective assistance of counsel." Apparently appellant feels that, however counsel's alleged derelictions may be viewed individually, taken cumulatively they have an impact sufficient to warrant relief.

This court does not agree. The standard governing our review of Rule 27.-26 proceedings requires a determination that findings below were "clearly erroneous" before they will be disturbed by this court. *Davis, supra*, 69. A finding is "clearly erroneous" only when the reviewing court, based on the *entire record*, has a "definite and firm conviction the trial court erred in finding movant was not denied effective assistance," *Davis, supra*, 69, citing *Crosswhite v. State*, 426 S.W.2d 67[1] (Mo.1968).

The entire record has been reviewed. It supports a finding that each of the alleged omissions by counsel either resulted from appellant's failure to fully apprise counsel of relevant facts and defenses,

or from strategic dilemmas which required counsel to choose the lesser of two damaging courses of action. Viewed individually or cumulatively the facts in evidence relating to appellant's allegations do not support a finding that he was denied effective assistance of counsel.

Finally, appellant urges that it was error to deny relief under Rule 27.26 in that his constitutional right to testify in his own defense was needlessly chilled by the prospect of impeachment through introduction of his prior convictions, as provided for by § 491.050, RSMo 1969.

This issue was neither raised nor considered in the proceedings below. Accordingly, it may not be considered in this appeal, *Parton v. State*, 545 S.W.2d 338, 341[1, 2] (Mo.App.1976).

The judgment is affirmed.

WEIER, C. J., and SMITH, J., concur.