Henry Darrell JOHNSON,
Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 40626.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 21, 1979.

Stuart A. Cofman, Cofman, Townsley, Nissenholtz & Weinstein, St. Louis, for movant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George Peach, Circuit Atty., St. Louis, for respondent.

JAMES D. CLEMENS, Senior Judge.

Movant Henry D. Johnson (hereafter "defendant") has appealed denial of his Rule 27.26 motion. He had been convicted of armed robbery and sentenced to twenty-five years in prison as a second offender. That conviction was affirmed on direct appeal. *State v. Johnson*, 536 S.W.2d 851 (Mo.App.1976).

In the initial case the robbery victim positively identified defendant. Defense was alibi: His grandmother testified he had moved from St. Louis two weeks before the robbery, and his aunt testified he had lived with her in Chicago for three months thereafter. The guilty verdict refuted the alibi defense.

Defendant now contends his trial counsel was ineffective by failing to subpoena two other alibi witnesses who lived in Chicago. The trial court found defense counsel had interviewed them in St. Louis two days before trial and they had assured him they would be present but they failed to appear. The court found it significant that defendant made no effort to call these other alibi witnesses to testify at the evidentiary hearing. In *Davis v. State*, 552 S.W.2d 68 [1] (Mo.App.1979), we held that the defendant thereby failed to meet his burden of showing the degree of prejudice allegedly caused by counsel's failure to call an alleged alibi witness. So it is here.

We adopt the trial court's finding that the trial transcript reflects trial counsel's "competency rather than incompetency" and deny defendant's first point.

Defendant's initial point further charges that trial counsel was ineffective in failing to subpoena "records crucial to movant's defense." This abstract point fails to comply with Rule 84.04(d) and preserves nothing for review. Looking to defendant's argument, we find the point concerns penitentiary records showing possible contradiction on a collateral matter; it does not rise to the level of plain error. Defendant further contends the court erred by failing to make a finding of fact on this point. To the contrary, in denying ineffective assistance of counsel, the court found information of the alleged penitentiary records came to trial counsel's attention during trial—too late for trial use.

By defendant's second point he challenges a statement in the court's findings referring to the now outmoded standard of "a farce and mockery of justice." But the court went further and found that "the efforts of counsel for defendant were substantial and competent," and concluded "the record reflects that defendant received a fair trial which is the ultimate question for determination where defendant seeks to receive a new trial based on asserted ineffective assistance of counsel." We deny defendant's second point.

The record as a whole does not show the court was clearly erroneous in denying defendant's motion.

Judgment affirmed.

REINHARD, P. J., and GUNN and CRIST, JJ., concur.