**Patrick SMITH, Movant-Appellant,**

v.

**STATE of Missouri,
Respondent-Respondent.**

**No. 52461.**

Missouri Court of Appeals,
Eastern District,
Division Two.

July 28, 1987.

Motion for Rehearing and/or Transfer
Denied Sept. 2, 1987.

Application to Transfer Denied
Oct. 13, 1987.

Elizabeth R. Brown, St. Louis, for movant-appellant.

William L. Webster, Atty. Gen., Deborah L. Ground, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals from the denial of his Rule 27.26 motion after an evidentiary hearing. We affirm.

Movant was convicted by a jury of tampering in the first degree, § 569.080(2), RSMo 1986, and sentenced to two years' imprisonment. His conviction and sentence were affirmed upon direct appeal in *State v. Smith*, 705 S.W.2d 584 (Mo.App.1986). Movant subsequently filed a pro se Rule 27.26 motion and counsel was appointed, after which an amended motion was filed containing allegations that movant's trial counsel was ineffective because of her purported failure to investigate two potential alibi witnesses. An evidentiary hearing on the 27.26 motions were held, at which movant was the sole witness. The motion court issued findings of fact and conclusions of law denying the relief requested by movant. He appeals.

We are concerned in this appeal only with the allegation of ineffective assistance of counsel contained in movant's amended 27.26 motion, which pertains to his trial counsel's purported failure to investigate alibi witnesses. In order to establish ineffective assistance of counsel, movant must prove his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances and that he was prejudiced thereby. *Seales v. State*, 580 S.W.2d 733, 736 (Mo. banc 1979); *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984). There is a strong presumption that criminal defense counsel's conduct falls within the "wide range of reasonable professional assistance," *Strickland*, 104 S.Ct. at 2065, and movant bears a heavy burden to show

ineffective assistance of counsel. *Seales*, 580 S.W.2d at 736. On appeal, our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.-26(j); *Smith v. State*, 680 S.W.2d 412, 413 (Mo.App.1984).

Movant contends that "the motion court erred in denying [his] claim that [his] trial attorney failed to contact essential witnesses"; however, movant's testimony at the 27.26 hearing does not support his assertion.

Movant admitted that he was "not sure" if the two witnesses he had mentioned to his attorney were contacted and that his trial counsel did not indicate whether she had talked to them. He stated that his trial counsel informed him at their first meeting that she intended to call the witnesses he had named; however, she did not have them testify at trial. Movant did not inquire about the purported alibi witnesses during trial, but asked his attorney afterwards why they had not been called. He testified: "[s]he told me that she felt they couldn't help me. That's what she said. She felt they couldn't help me."

Movant's contention that counsel failed to investigate is not supported by the evidence and he has failed to meet his burden of proof. *Cherry v. State*, 660 S.W.2d 361, 364 (Mo.App.1983). As to counsel's decision not to have the two witnesses testify, we note that the question of which witnesses should testify and whether they would be helpful is a matter of professional judgment and is not an adequate ground to find counsel ineffective. *Smith v. State*, 684 S.W.2d 520, 523 (Mo.App. 1984).

Finally, movant failed to establish that he was prejudiced by counsel's purported failure to investigate or call the two witnesses. It is worth mentioning, in this regard, movant's failure to produce those witnesses at his 27.26 hearing and his conclusory, unspecific statements pertaining to the testimony he would expect them to give. *See Johnson v. State*, 587 S.W.2d

622 (Mo.App.1979). Movant's point is without merit.

Judgment affirmed.

SMITH, P.J., and DOWD, J., concur.