**Melvin Leroy TYLER, Movant-Appellant,**

v.

**STATE of Missouri, Defendant-Respondent.**

No. 35154.

Missouri Court of Appeals,
St. Louis District,
Division Two.

Sept. 11, 1973.

Motion for Rehearing or Transfer to Court En Banc or to Transfer to Supreme Court Denied Oct. 10, 1973.

Application to Transfer Denied Dec. 10, 1973.

Fordyce, Mayne, Hartman, Renard & Stribling, Gerald R. Ortbals, Clayton, for movant-appellant.

John C. Danforth, Atty. Gen., Daniel Parker Card II, Asst. Atty. Gen., Jefferson City, J. Brendan Ryan, Circuit Atty., J. Paul Allred, Asst. Circuit Atty., St. Louis, for defendant-respondent.

SMITH, Presiding Judge.

This is an appeal by movant-appellant Tyler from an overruling of his motion to vacate and set aside a judgment of conviction and sentence imposed pursuant to Rule 27.26 V.A.M.R. There was an evidentiary hearing before the Circuit Court of the City of St. Louis. We have examined the record and find that the court's findings and conclusions are not clearly erroneous and therefore we affirm.

Movant alleges four points of error. First, he contends that because of variances between the testimony of several police officers at his criminal trial, and their testimony later in a federal civil proceeding brought for alleged brutality, perjury has been committed and his conviction cannot stand.

New trials based on charges of perjury are not to be granted lightly. State v. Harris, 428 S.W.2d 497 (Mo.1968). In order to vacate a judgment claimed to have been procured by false testimony under Rule 27.26, it is a requirement that it be alleged and proved that the state used false testimony or failed to correct testimony which it knew to be false. "[W]here it appears from competent and satisfactory evidence that a witness for the prosecution has deliberately perjured himself and that without his testimony [the] accused would not have been convicted, a new trial will be granted." State v. Harris, *supra* [1].

It is apparent from the record that certain variances exist within the testimony of the same witnesses at the defendant's criminal trial in April 1969, and his civil suit in December 1970. The thrust of movant's argument is that because of variances in the testimony at two different proceedings, there must be perjury somewhere. But that alone does not satisfy the heavy burden required for granting a new trial under Rule 27.26. Variances are not *per se* perjury. Some of the variances were explained; some could be attributed to a differing recollection caused by the passage of time; some were omissions attributable to the different issues involved in the two cases. Nor does the record warrant any conclusion that the testimony given in the federal court case was accurate and that in the criminal case was not. The opposite is just as likely true. The defendant has made no showing (1) that the testimony *at the criminal trial* was deliberately false and known to be false, (2) that the prosecution used the testimony *knowing* it to be false, and (3) that the conviction was obtained *on account of* the perjured testimony. The record does not support a conclusion that the hearing judge's ruling on this point was clearly erroneous.

The movant's second point of error is that the hearing judge erred in finding he had knowingly waived the opportunity to have an attorney present at a pre-trial identification and in finding that there was an independent basis for the in-court identifications. There was conflicting testimony concerning the waiver and the trial court's finding based upon credibility is not clearly erroneous. There was ample evidence that the in-court identification had an independent basis other than the challenged lineup.

As a third point of error, the movant claims the denial of his right to effective assistance of counsel in that his attorney failed to preserve the issue of the identification procedure for review, and further that the attorney failed to request a limiting instruction. With regard to preserving the identification issue: the failure to preserve an issue which is later found to be without merit is not grounds for finding ineffective counsel. Wilkinson v. State, 461 S.W.2d 283 [4] (Mo.1970). With regard to the limiting instruction: in order for the court to find ineffective assistance of counsel the movant must demonstrate that the representation denied him a fair trial. Hodge v. State, 477 S.W.2d 126 (Mo.1972); McQueen v. State, 475 S.W.2d 111 (Mo.1971) (concurring opinion). It cannot be said that the failure to request a limiting instruction here was so prejudicial to the movant that he was denied a fair trial. The trial court's ruling was not clearly erroneous.

Finally, the movant claims that because he received a twenty-five year sentence after standing trial when Gary Watkins (who participated in the crime with movant) received a seven year sentence following a guilty plea for the same offense, the movant was punished for exercising his constitutional right to stand trial. The sentencing judge testified at the 27.26 hearing on his reasons for sentencing movant as he did. These reasons were plausible and not arbitrary. The finding that the movant's sentence was based upon considerations other than his election to stand trial was not clearly erroneous. The trial judge's discretion in tailoring sentences has long been recognized in this state. See, e. g., State v. Burton, 355 Mo. 792, 198 S.W.2d 19 (Mo.1946) [10]. The factual finding that the sentence was not a punishment for standing trial makes it unnecessary to consider the constitutional issues which might arise if there were a contrary finding.

Judgment affirmed.

DOWD, C. J., and SIMEONE, J., concur.