Napoleon Jerome **DUNCAN**, Movant, Appellant,

v.

**STATE** of Missouri, Respondent.

No. 35944.

Missouri Court of Appeals, St. Louis District, Division One.

Feb. 11, 1975.

Motion for Rehearing or Transfer Denied March 11, 1975.

Application to Transfer Denied April 14, 1975.

Charles D. Kitchin, Public Defender, James C. Jones, Asst. Public Defender, St. Louis, for appellant.

John C. Danforth, Atty. Gen., Preston Dean III, Asst. Atty. Gen., Jefferson City, K. Brendan Ryan, Circuit Atty., William C. Frain, Jr., Asst. Circuit Atty., St. Louis, for respondent.

WEIER, Judge.

This is an appeal from the denial of a motion to vacate a judgment pursuant to Rule 27.26, V.A.M.R. Movant had been convicted by a jury of second degree murder and was sentenced to ten years in the Missouri Department of Corrections. The judgment was affirmed on appeal to the Missouri Supreme Court. State v. Duncan, 467 S.W.2d 866 (Mo.1971).

Movant first contends that the circuit court erred in denying his motion because his conviction resulted from false testimony in that a witness falsely testified at defendant's trial that he, the witness, saw the shooting incident between defendant and the victim inside a restaurant. Movant's basis for alleging such testimony was perjured is based upon a police report which contained the information that this witness stated he was outside the restaurant at the time the shooting occurred and did not see what happened. To obtain a new trial because of perjured testimony, a defendant should show that the testimony at the criminal trial was deliberately false and known to be false; that the prosecution used the testimony knowing it to be false; and the conviction was obtained on account of the perjured testimony. Tyler v. State, 501 S.W.2d 189, 191 (Mo.App. 1973). Here the variance occurred between testimony of the witness at the time of trial and a statement as to what that witness reportedly said in a police report.

As indicated in the testimony in the hearing before the court, a police report contains statements written down by the reporting officer of what other officers have informed him a certain person said in regard to certain facts. It is a condensation, not a verbatim transcript. It contains much hearsay and interpretation by the various officers whose contributions make up the report. It is seldom supported by sworn statements. Such a report cannot even be used to impeach a witness on the basis that his testimony conflicted with what was reported by a police officer. State v. Williams, 473 S.W.2d 388, 390 [3, 4] (Mo.1971). Additionally, two other witnesses testified that the shooting occurred in the same manner and place as was testified to by the witness. As to this contention, there is no merit.

■■ Movant next advances three successive contentions which are based upon alleged ineffective assistance of counsel. The first in this category is premised upon the failure of counsel to present or endeavor to present newly discovered evidence on defendant's motion for new trial and his then failure to preserve this in the record for a ruling on appeal. In order for appellant to obtain a new trial on the basis of newly discovered evidence, he would have had to have met four requirements: (1) the evidence must have come to the knowledge of the appellant after the end of the trial; (2) the fact that it did not come to his knowledge until that time must not be due to any lack of diligence on his part; (3) the evidence itself was so material that a different result in a new trial is probable; and (4) the evidence was not merely cumulative nor of an impeaching nature. State v. Harris, 413 S.W.2d 244, 247[3] (Mo.1967). The facts which the movant here hoped to prove by the testimony of the missing witness occurred, according to movant's own testimony, in the presence of two other people. Movant made no showing that these other witnesses were unavailable at the time of his trial or that he had made any effort to obtain their testimony. Furthermore, movant testified that he did not tell his attorney about the testimony which could be supplied by the witness until after the trial. This point must be ruled against the movant.

■ The second contention of ineffective assistance of counsel is premised upon failure to object to an instruction concerning self-defense which, it is alleged, erroneously shifts the burden of proof to the defendant, and failure by counsel to preserve the record for a ruling on appeal on that issue. An identical instruction in regard to self-defense was given in the case of State v. Robinson, 516 S.W.2d 40 (Mo. App.1974), and was held by this court not to shift the burden of proof to the defendant as there contended. Even if the movant's attorney had objected to this instruction on the same basis that movant now contends he should have, he would have been unsuccessful on appeal. See also State v. Tindall, 496 S.W.2d 267, 269[4] (Mo.App.1973).

Movant's final point on appeal concerns the ineffective assistance of appellate counsel because counsel on appeal failed to present this same point to the appellate court. In other words, movant complains of the failure of appellate counsel to raise plain error in the giving of the self-defense instruction by the trial court. What we have heretofore said with regard to the validity of the instruction itself rules this point against movant.

For the reasons heretofore given, the judgment is affirmed.

DOWD, C. J., and CLEMENS and RENDLEN, JJ., concur.