Ralph L. VOEGTLIN, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 37894.

Missouri Court of Appeals,
St. Louis District,
Division One.

Jan. 4, 1977.

Robert C. Babione, Public Defender, James M. Smith, Asst. Public Defender, St. Louis, for movant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., John D. Chancellor, Asst. Circuit Atty., Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

DOWD, Judge.

Appellant, Ralph L. Voegtlin, appeals the denial of his Rule 27.26 motion without an evidentiary hearing. Voegtlin, who was found guilty by a jury of Burglary Second

Degree and sentenced to ten years imprisonment, alleges the trial court erred in denying him an evidentiary hearing because perjured testimony was used at his trial to prove a material element of the crime.

Voegtlin alleges that the policeman who testified against him committed perjury because he testified at the preliminary hearing that the burglar entered through the basement window, but at trial testified that the burglar entered through the side window. While the transcript of the trial is not part of the record before us, the judge at the post-conviction hearing states in his memorandum opinion that the policeman testified at trial that both windows were broken and investigation showed that entry was through the side window.

 In order to show perjury entitling him to post-conviction relief, the appellant must prove that the witness' trial testimony was false and that the prosecution used the testimony knowing it to be false and that the conviction was obtained because of the perjured testimony. *Williams v. State*, 536 S.W.2d 190, 193[7] (Mo.App.1976); *Duncan v. State*, 520 S.W.2d 123, 124[1] (Mo.App. 1975). Mere inconsistency of variance in the testimony does not constitute perjury; and in the absence of showing perjury, the trial court has no obligation in post conviction proceedings to order an evidentiary hearing to review evidence given at trial. V.A.M.R. 27.26; *Cloud v. State*, 535 S.W.2d 577, 578[3] (Mo.App.1976); *Tyler v. State*, 501 S.W.2d 189, 190–191[2, 4] (Mo.App. 1973).

An evidentiary hearing on a 27.26 motion will be had only if the movant pleads facts, not conclusions, which if true would entitle him to relief. Movant must also show that such factual allegations are not refuted by the record before the court. *Smith v. State*, 513 S.W.2d 407, 411[1] (Mo. banc 1974). Appellant's motion fails to offer any factual basis to support a finding of perjury.

The appellant alleged that the police officer changed his testimony. He failed to offer any factual allegation that the testimony at trial was false or that the prosecution knew it to be false. The fact that testimony at trial varied from testimony at the preliminary hearing is not proof that the testimony at trial was false. In fact, the lower court's review of the testimony at trial supports the veracity of that testimony.

The judgment denying the 27.26 motion is affirmed.

WEIER, P. J., and CLEMENS, J., concur.