Calvin T. BURKS, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 38450.

Missouri Court of Appeals,
St. Louis District,
Division One.

July 5, 1977.

Motion for Rehearing and/or Transfer
Denied Sept. 12, 1977.

Application to Transfer Denied
Oct. 11, 1977.

Robert C. Babione, Public Defender, Edward V. Ward, St. Louis, for movant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., Charles D. Sindel, Asst. Circuit Atty., St. Louis, for respondent.

DOWD, Judge.

Movant appeals from the trial court action denying, without evidentiary hearing, his motion for post-conviction relief pursuant to Rule 27.26, V.A.M.R.

Appellant was convicted of first degree murder, and was sentenced to life imprisonment. His conviction was affirmed on appeal. *State v. Burks*, 484 S.W.2d 302 (Mo. 1972).

In the 27.26 proceeding, the court denied all grounds for vacating the conviction except that which requested a credit for jail time. The court found further that no evidentiary hearing was necessary.

■ Appellant contends the trial court erred in denying an evidentiary hearing. His 27.26 motion alleged that the state knowingly used perjured testimony when it allowed a material witness to testify that the prosecutor had made no "deal" with him in order to elicit favorable testimony. Appellant claims that the material witness committed perjury and that this is a factual issue which entitled him to an evidentiary hearing. We disagree. The trial court properly denied the 27.26 motion without an evidentiary hearing because the factual allegations of the motion were refuted by the trial record. *Smith v. State*, 513 S.W.2d 407, 411–412[6] (Mo.banc 1974); Rule 27.-26(e).

### The Perjury Issue

■ In order to vacate a judgment claimed to have been procured by perjury under Rule 27.26, it is a requirement that it be alleged and proved that the state knowingly used false testimony or knowingly failed to correct testimony which it knew to be false; and the conviction was obtained on account of the perjured testimony. *Williams v. State*, 536 S.W.2d 190, 193[7] (Mo. App.1976); *Duncan v. State*, 520 S.W.2d 123, 124[1] (Mo.App.1975); *State v. Harris*, 428 S.W.2d 497, 500[1], 502[11] (Mo.1968).

We do not believe perjury was committed during the trial. Appellant relies on the following testimony of the state's witness, Ronald Gunn, elicited under cross-examination by the defense: "Q. Ronald, do you have any idea what the consideration will be for your testimony here today? A. No, I don't. Q. None whatsoever? A. No, I don't." Appellant claims this was perjured testimony because earlier portions of the transcript contradict it. He refers to the following cross-examination of this witness: "Q. You expect you will get some consideration for testifying? A. Yes, I do. Q. You hope to help yourself by testifying? A. Yes, sir." . . . "Q. You have no idea of what you hope to receive? A. I hope to receive a lesser sentence."

The trial judge, Michael F. Godfrey, prepared Findings of Fact and Conclusions of Law and a memorandum opinion which we found very helpful. In this opinion the trial court also referred to the cross-examination of the witness wherein the witness stated that he expected some consideration from the state for testifying and that he hoped "to receive a lesser sentence."

We believe, as the trial judge did, that this cross-examination is not necessarily contradictory. We have examined the entire testimony of witness Gunn. We are convinced that this testimony clearly shows that the "deal" between the prosecutor and the witness Gunn was vague and that Gunn expected a benefit but did not know exactly what it would be, although he did indicate that a lesser sentence was what he was hoping for. .Therefore, we believe that there was no showing that perjury was committed.

Secondly, even assuming the testimony was perjured, it is not true that without such testimony the jury would have acquitted appellant. It could not possibly affect the jury's assessment of appellant's guilt for them to know the precise details of any "deal" that had been made by the prosecutor and the material witness. They were informed that the witness was under indictment for murder and knew his case was pending. All that the jury needed to know about the witness in order to help it determine appellant's guilt was whether the witness was credible. And all the jury needed to know in order to assess the witness' credibility was that he expected some benefit from his testimony—that he was not testifying "out of the goodness of his heart" as the trial judge observed. This they were aware of because the witness testified as to his expectations of benefit. Since important information regarding the witness' bias was presented to the jury, we do not believe the appellant was prejudiced in any way.

The judgment is affirmed.

SIMEONE, C. J., and SMITH, J., concur.