**Melvin Leroy TYLER, Petitioner,**

v.

**Donald WYRICK, Warden, Missouri State Penitentiary, Respondent.**

**No. 76–403C(2).**

United States District Court, E. D. Missouri, E. D.

Dec. 7, 1977.

Melvin Leroy Tyler, pro se.

John C. Danforth, Jefferson City, Mo., for respondent.

## MEMORANDUM

REGAN, District Judge.

Before us is a petition for a writ of habeas corpus filed pursuant to Section 2254, 28 U.S.C. The sole ground upon which relief is sought is that petitioner was denied effective assistance of counsel.

Petitioner was convicted in the Circuit Court of the City of St. Louis of assault with intent to kill with malice and was thereafter sentenced to a term of 25 years imprisonment.[1] The conviction was affirmed on direct appeal. *State v. Tyler*, 454 S.W.2d 564 (Mo.1970). A post-conviction motion to vacate under Missouri Supreme Court Rule 27.26 was denied after a hearing, the denial being affirmed in *Tyler v. State*, 501 S.W.2d 189 (Mo.App.1973). Petitioner then sought habeas corpus relief in this Court in *Tyler v. Swenson*, No. 73C637(3). Judge Wangelin's order dismissing the petition on the merits without a hearing was affirmed in *Tyler v. Swenson*, 527 F.2d 877 (8 Cir. 1976). The present petition was then filed.

One of the grounds asserted in petitioner's Rule 27.26 motion was that he was denied effective assistance of counsel in that counsel failed to call all movant's witnesses and to present his exhibit to the jury, and in that he failed to make proper objections (to preserve a vital issue for appellate review) and to request a proper limiting instruction. The claim of ineffective representation was one of the points relied on by petitioner's appointed counsel in his 74 page professionally written brief on appeal. However, the appellate brief contended only that counsel was inadequate because of failure to preserve issues for review and failure to request the instruction. And although petitioner himself filed a supplemental brief in which other points

---

1. As the result of subsequent proceedings in the state courts, this sentence was vacated and petitioner was resentenced to a term of 20 years imprisonment.

were raised by him, he made no mention of the alleged failure to call witnesses or to present the exhibit. Hence, if this basis for his claim of ineffective representation was not deliberately by passed, it is at least questionable whether petitioner in fact exhausted his available state remedies with respect thereto. We are aware that petitioner alleges in his present petition that he did not give his counsel authority to waive that issue on appeal, and now contends that he "believed in his mind that counsel was raising all issues." However, a mere reading of counsel's brief makes it clear it could not have caused the alleged "belief" in petitioner's mind. And the very fact he filed a supplemental brief raising additional issues belies petitioner's present contention.

It is, of course, true that the witnesses in question (in particular an Almeda Kendrick, who apparently had a close personal relationship with petitioner) did not appear at petitioner's trial. Ms. Kendrick subsequently made an affidavit to the effect that she saw petitioner in Kansas City about two hours before the shooting incident took place in St. Louis. Counsel sought to persuade her to testify, but she was then living in the state of Washington and claimed she could not afford the trip. The other witnesses (residents of Kansas City) although notified by counsel of the trial setting, simply failed to attend. They had appeared at earlier settings of the case. The record discloses that the trial had been continued a number of times at the instance of defendant. We find no basis in the record to fault counsel for the fact that the witnesses did not appear. As for the exhibit, it merely reflected that petitioner had attended a school in Kansas City the previous day.

In addition, we do not write upon a clean slate. Although we have reached the merits, we are satisfied that the ends of justice did not so require. In the habeas corpus proceeding before Judge Wangelin, petitioner's original petition limited his claim of ineffective representation to the grounds set forth in his counsel's brief in the Rule 27.26 appeal. However, petitioner thereafter, more than 14 months before the petition was denied, filed an amendment broadening this claim to encompass its original scope. The issue of ineffective representation was considered and ruled adversely to petitioner. That issue was raised on the appeal from Judge Wangelin's order. Although this point was not discussed in the opinion of the Court of Appeals, it was specifically adverted to and held by the Court to be "without merit." Tyler v. Swenson, 527 F.2d l.c. 879. It is therefore apparent that the ground of ineffective representation of counsel now presented by petitioner was ruled adversely to him on the merits on his prior petition.

It follows from the foregoing that the petition for a writ of habeas corpus should be denied. No evidentiary hearing is required. An order will be entered in accordance with this memorandum.