**Louis Edward DeCLUE, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 40382.**

Missouri Court of Appeals,
Eastern District,
Division Three.

March 13, 1979.

Robert L. Carr, Potosi, for movant-appellant.

Paul Robert Otto, John M. Morris, III, Richard Thurman, Asst. Attys. Gen., Jefferson City, Albert G. Tindall, Washington County Pros. Atty., Potosi, for respondent.

REINHARD, Presiding Judge.

Movant appeals the circuit court's denial, without an evidentiary hearing, of his Rule 27.26 motion. Previously, movant sustained a jury conviction for the statutory rape of a 10 year old female and was sentenced to ten years confinement. He did not appeal the conviction. On appeal from the denial of

his 27.26 motion he contends the court erred in denying him an evidentiary hearing. As ground for relief his motion alleged,

> [M]y conviction and sentence resulted from and are grounded upon the false testimony of the alleged victim and witness to the alleged crime . . . in that she falsely testified at my trial that I had sexual intercourse with her and assaulted her and/or raped her. Facts supporting this came to my knowledge and arose after my trial and after the time for a new trial. . . .

Movant further alleged that the charges against him were based solely and chiefly on the testimony of the victim and that this victim, "had since my trial made a statement sworn to by her admitting that her before trial statements and trial testimony were false, that she made them out of fear of being beaten by her natural father; and because she did not like me as her stepfather, and because *the prosecuting attorney helped her with her trial testimony and told her how to testify at the trial.*" (Emphasis added). He named as his witnesses the victim and four others stating that other evidence would consist of the "sworn, recorded and transcribed statement of the victim."

The state filed its motion to dismiss contending that neither a Rule 27.26 motion nor a writ of error coram nobis will lie if grounded on newly discovered evidence. The circuit court, agreeing with the state's theory, granted the state's motion to dismiss thereby denying movant the relief he sought.

■ On appeal, the state cites *Hatfield v. State,* 529 S.W.2d 180 (Mo.App.1975) in support of the proposition that newly discovered evidence is improper justification to sustain a Rule 27.26 motion. We agree that such is the law in Missouri but find it unnecessary to address ourselves to the multitude of cases supporting this principle. Allegations claiming the conviction is based upon perjured testimony which defendant contends was known to the state are controlled by a different standard.

The determination of movant's cause falls within the purview of *Voegtlin v. State,* 546 S.W.2d 40 (Mo.App.1977) wherein Judge Dowd stated,

> [I]n order to show perjury entitling him to post-conviction relief, the appellant must prove that the witnesses' trial testimony was false and that the prosecution used the testimony knowing it to be false and that the conviction was obtained because of the perjured testimony. *Williams v. State,* 536 S.W.2d 190, 193[7] (Mo.App.1976); *Duncan · v. State,* 520 S.W.2d 123, 124[1] (Mo.App.1975). Mere inconsistency of [sic] variance in the testimony does not constitute perjury; and in the absence of showing perjury, the trial court has no obligation in post conviction proceedings to order an evidentiary hearing to review evidence given at trial. [Citations of authority omitted] 546 S.W.2d 40, at 41.

■ Obviously, the testimony of the prosecutrix is both vital and material to the successful prosecution of a rape case. We believe movant's motion alleged that the trial testimony of the prosecutrix was false and, by a broad interpretation of his motion, that the prosecution was aware of this fact. This was sufficient to entitle movant to an evidentiary hearing.

Now, should the prosecutrix testify at the evidentiary hearing as claimed by movant, the trial court will be free to weigh her present testimony against her original trial testimony and thereby determine whether or not she lied at movant's trial. In this connection see *Thomas v. State,* 512 S.W.2d 116 (Mo. banc 1974) wherein a witness named Brown changed his testimony and stated that defendant was not a participant in the crime and that he would so testify at a new trial. The court ultimately found Brown not to be a credible witness and denied the defendant relief, but the court made this determination on the basis of testimony presented at an evidentiary hearing.

Herein, movant has alleged sufficient facts to justify an evidentiary hearing. The judgment of the trial court dismissing

this Rule 27.26 motion is reversed and the cause remanded for an evidentiary hearing.

GUNN and CRIST, JJ., concur.