Kenneth H. CARNS, Movant,

v.

STATE of Missouri, Respondent.

No. 11260.

Missouri Court of Appeals,
Southern District,
Division Two.

March 26, 1980.

Rehearing Denied April 14, 1980.

J. D. Baker, Belisle & Baker, Osceola, for movant.

John Ashcroft, Atty. Gen., Bruce Anderson, Asst. Atty. Gen., Jefferson City, for respondent.

HOGAN, Judge.

This appeal is taken from a denial of postconviction relief in a proceeding under Rule 27.26, V.A.M.R. The appeal first came to us without the findings of fact and conclusions of law required in all postconviction proceedings; for that reason the submission was set aside and the cause was remanded for findings. The requisite findings have been filed; the appeal has been restored to the docket and will be considered on its merits.

Petitioner Kenneth H. Carns was found guilty of second-degree murder as defined by § 565.004, RSMo 1978, V.A.M.S., and the jury which convicted him assessed his punishment at imprisonment for a term of 30 years. No motion for new trial was filed. Thereafter, in circumstances noted in the earlier opinion, petitioner, with the assistance of counsel, prepared a petition for postconviction relief; an evidentiary hearing was held on the motion and petitioner was represented by counsel at the hearing. Petitioner has had the assistance of counsel

on appeal, and the appeal was argued to this court.

On appeal, the petitioner has briefed and argued four points. They are: 1) That he was denied a trial by an impartial jury because there was widespread local news coverage of his case which made it impossible for him to obtain a fair trial in St. Clair County; 2) He was denied a fair trial because four talesmen expressed bias and prejudice against him during voir dire; 3) That one of the State's witnesses gave false testimony, therefore he was convicted upon perjured testimony, and 4) That he was denied effective assistance of counsel.

■ We have carefully read the record, but of course we have had to bear in mind that in postconviction proceedings, the petitioner has the burden to establish his right to relief by a preponderance of the evidence. Rule 27.26(f), V.A.M.R.; *McCrary v. State,* 529 S.W.2d 467, 470 (Mo.App.1975). A mere glance at the record would indicate that although the errors complained of are presented as denials of federally protected rights, they are not really such.

■ We might, therefore, summarily dispose of the appeal by noting once again that conclusional averments do not transmute trial errors into deprivations of constitutional rights, *O'Neal v. State,* 486 S.W.2d 206, 207 (Mo.1972); *Brown v. State,* 490 S.W.2d 657, 658 (Mo.App.1973), but to clarify our opinion and to demonstrate that the petitioner has had a fair opportunity to present his claims of error in an adversary proceeding, we consider each assignment briefly. The petitioner claimed he was denied a fair trial because of local news coverage of his case. Nonetheless, his own testimony showed that the talesmen were examined about the effect of that publicity before the panel was sworn and the trial court satisfied itself that the talesmen actually sworn had not been prejudiced by the publicity. By appellant's own testimony, this claim of error is reduced to an assertion that the trial court abused its discretion, a matter which might have been raised on appeal. See *State v. Spica,* 389 S.W.2d 35,

41[5–8] [9–11] (Mo.1965). The assignment that prejudiced talesmen were allowed to remain on the panel is actually part of the same contention. Examination of the record shows that those talesmen who expressed an opinion indicating bias were in fact excused by the trial court.

The petitioner's claim that he was convicted upon perjured testimony likewise diminishes when the record is read. When the petitioner was tried, one Bill Marshall, an investigator for the prosecuting attorney, testified he had not questioned petitioner the day petitioner was arrested and taken in custody. The petitioner maintains that Marshall did in fact interrogate him when he was arrested and taken in custody and at the postconviction hearing the petitioner so testified. On this appeal, Mr. Carns says that the inconsistency in Marshall's testimony shows Marshall perjured himself. There is not the slightest indication what Marshall asked the petitioner about, let alone proof that the variance related to a material fact in issue upon the petitioner's original trial. The petitioner did testify at this hearing that during the trial his counsel objected to Marshall's statement that he did not interrogate the petitioner when the petitioner was arrested and that thereupon the trial judge and counsel "went back there and talked." Petitioner's attorneys decided, with petitioner's agreement, not to ask for a mistrial. This claim of error is governed by what was held in *Voegtlin v. State*, 546 S.W.2d 40, 41[1–3] (Mo.App.1977). As in *Voegtlin*, all the petitioner demonstrated in this case was inconsistency or variance in a witness' testimony. Such a showing does not prove perjury entitling petitioner to postconviction relief. *Voegtlin v. State*, supra, 546 S.W.2d at 41[1]; *Tyler v. State*, 501 S.W.2d 189, 190[2] (Mo.App.1973).

The final point raised is that petitioner was denied effective assistance of counsel because no motion for new trial was filed. Viewed in light of the record, this contention is no more substantial than the others. The petitioner's testimony must be quoted:

"Q. O.K. When did [the trial judge] offer you a new trial?

A. The day he sentenced me.

Q. How did he make this offer to you?

A. . . . before he ever sentenced me, he said, 'Mr. Carns', . . . 'I am going to offer you a new trial and I will appoint you a public defender and you can take it to the county of your choice', and I told him, 'No.'

\* \* \* \* \* \*

Q. What did he tell you on the record?

A. Something about if I wanted to appeal, stuff like that.

Q. He asked you whether or not you wanted to appeal?

A. Yes, sir."

Later, the court which heard this case put some questions of its own, without objection, as follows:

"THE COURT: June 26th, was it, 1975; is that correct?

THE MOVANT: Yes, sir.

THE COURT: You were present in court?

THE MOVANT: Yes, sir.

THE COURT: With both of your attorneys?

THE MOVANT: Yes, sir.

THE COURT: At that time did the Judge explain to you that you were entitled to file a motion for new trial?

THE MOVANT: Yes, sir.

THE COURT: And that should the Judge overrule that motion, you would be entitled to appeal?

THE MOVANT: I think he did. I don't know for sure.

THE COURT: In fact, did the Judge not take great pains and have you sworn in and testify?

THE MOVANT: Yes, sir, he tried to help me."

Of course, petitioner testified that he was taking the advice of his attorneys when he rejected the opportunity to have a new trial or preserve his points on appeal, but a postconviction proceeding under Rule 27.26 is by definition a civil case, distinct

from the original proceeding. Rule 27.-26(a), V.A.M.R. Therefore the trial court serves the same function as trier of fact as it serves in any other bench-tried case; it may accept or reject testimony either as a whole or in part, and it is free to disbelieve testimony offered, even though it is uncontradicted. *Floyd v. State*, 518 S.W.2d 700, 702–703[2] [5] (Mo.App.1975).

Given the detailed facts, and given the trial court's right to believe the evidence in part and reject it in part, the trial court could quite reasonably have found that the petitioner, having been carefully advised, decided not to appeal, and could have found that his decision had nothing to do with the advice of counsel. It would then follow that because the petitioner knowingly and advisedly decided not to accept a new trial nor preserve error for appeal, he is precluded from raising those issues now. *Coney v. State*, 491 S.W.2d 501, 506 (Mo.1973); *McCrary v. State*, supra, 529 S.W.2d at 471[6]. The petitioner failed to meet his burden on the claim that he was convicted upon perjured testimony and accordingly, the judgment is affirmed.

All concur.