STATE of Missouri,
Defendant-Respondent,

v.

Anthony MIMS, Movant-Appellant.

No. 65532.

Supreme Court of Missouri,
En Banc.

July 17, 1984.

Rehearing Denied Sept. 11, 1984.

---

Robert W. Meyers, Clayton, for movant-appellant.

John Ashcroft, Atty. Gen., Theodore A. Bruce, Asst. Atty. Gen., Jefferson City, for defendant-respondent.

GUNN, Judge.

Movant-appellant appeals from the trial court's order denying his petition for writ of error coram nobis. The petition seeks to collaterally attack an earlier two count conviction for stealing a motor vehicle and for second degree tampering with a motor vehicle. Movant's challenge is based on the charge that his conviction was obtained as a result of perjured testimony.

The trial court denied movant's motion, and appeal of that denial was taken to the Eastern District which reversed and remanded by a majority of one its divisions.

Certification by a dissenting judge transferred the case to this Court, and we decide it as on original appeal. Rule 83.09. We affirm the judgment of the trial court.

Movant and several other individuals were the subject of covert surveillance by St. Louis County police intent on breaking a notorious stolen car ring. Police observed movant and his associate, Miles Cluck, drive away from the surveillance scene in Cluck's red and white pickup truck. Less than an hour later, the two men returned with movant behind the wheel of a late model silver GMC truck owned by Steve Colson.

Movant and others immediately proceeded to remove the camper shell from Colson's vehicle and place it on Cluck's pickup. Police also watched as movant and his companions centered their attention under the hood and dashboard of Colson's truck. Movant was subsequently charged with the theft of Colson's truck and tampering with it.

At trial, Steve Colson testified that he had not given permission to anyone to drive his truck. He stated that the last time he had seen it was on the morning of its theft. He also related that he had reported the theft to his insurance company and ultimately received payment for its loss. During cross-examination by movant's counsel, Colson specifically denied agreeing to sell the camper shell to Cluck or allowing him to drive the pickup to facilitate the purchase. He also denied having arranged for the truck's theft in order to collect insurance proceeds.

At trial, movant took the stand on his own behalf and testified that he was present during a meeting between Steve Colson and Cluck at which agreement was reached for the sale of the camper shell. The substance of the arrangement was that Colson was to leave the keys in the truck for Cluck to drive for the purpose of obtaining the camper shell. Movant testified that he had indeed driven Colson's truck but only with Colson's permission and after the camper shell had been removed accord-

ing to plan. He denied any larcenous activity.

The jury found defendant guilty of the stealing and tampering counts. His motion for new trial was denied, and appeal followed. On movant's motion that appeal was dismissed without prejudice. This action followed in which movant seeks a writ of error coram nobis to have the judgment and sentence set aside.

The meat of movant's petition is that after two months had passed from sentencing, new evidence debouched from the prosecutor's office which establishes that the conviction was obtained by perjured testimony from Colson. Hence, movant cries that his conviction is invalid—the result of an outrageous foul.

The new evidence hailed by movant as proof of the perjury consists of transcripts of recorded telephone conversations between movant's brother and Colson. The accuracy of these transcripts is conceded by the state. The transcripts reveal that Colson indeed perjured himself when he testified that he had not given movant permission to use his truck. Colson, in fact, was later charged and convicted of perjury for his testimony at trial.

However, the transcript reveals more than the mere existence of perjured testimony. The transcript also shows that Colson met with movant and Miles Cluck to plan the theft of the truck in an apparent scheme to defraud Colson's insurance company. This arrant plan went awry with movant's arrest and conviction—eventualities apparently not taken into consideration by the principals. It is also clear from the transcript that movant met with Colson to agree what "story" would be given to those investigating the theft. In actuality, movant was a conspirator in the duplicity and now wants to benefit from it.

■ As a preliminary point, it should be noted that a writ of error coram nobis is not available to one who has not completed his sentence. *Davis v. State,* 600 S.W.2d 182, 184 (Mo.App.1980). As movant is presently on parole for the challenged conviction, he is still serving his sentence. *Davis,* at 183; *Dixon v. State,* 594 S.W.2d 360, 361 (Mo.App.1980). In such circumstances, a proceeding under Rule 27.26 is the appropriate remedy. *Nicholson v. State,* 524 S.W.2d 106, 109–10 (Mo. banc 1975). However, we will look behind the appellation given to pleadings seeking relief from an allegedly invalid sentence to consider the nature of the requested relief. *State v. Carter,* 399 S.W.2d 74, 76 (Mo.1966); *State v. Eaton,* 280 S.W.2d 63, 65 (Mo.1955); *Johnson v. State,* 614 S.W.2d 781, 782 (Mo. App.1981). Movant's petition will therefore be considered as a motion to vacate judgment and sentence under Rule 27.26.

■ The starting point in any analysis of post-conviction relief based on perjury is the general rule that a conviction which results from the deliberate or conscious use by a prosecutor of perjured testimony violates due process and must be vacated. *Napue v. Illinois,* 360 U.S. 264, 269, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959) (conviction reversed); *see also United States v. Agurs,* 427 U.S. 97, 103, 96 S.Ct. 2392, 2397, 49 L.Ed.2d 342 (1976); *Miller v. Pate,* 386 U.S. 1, 7, 87 S.Ct. 785, 788, 17 L.Ed.2d 690 (1967); *State v. Moore,* 435 S.W.2d 8, 16 (Mo. banc 1968); *Coles v. State,* 495 S.W.2d 685, 687 (Mo.App.1973). However, no attempt has been made in the present case to show that the prosecutor had any knowledge of the falsity of Colson's testimony until more than two months after movant was sentenced. Movant has stipulated that the prosecutor did not knowingly use perjured testimony in his trial.

Working toward the answer to this case, we note that it is not clearly defined what relief, if any, must be afforded a defendant whose conviction results from perjury which was not known to be false by the prosecutor at the time of trial. Authority exists for the proposition that the trial court has the duty to grant a motion for new trial where it is shown that movant's conviction resulted from the use of perjured testimony. *State v. Harris,* 428 S.W.2d 497, 500 (Mo.1968); *State v. Moberly,* 121 Mo. 604, 26 S.W. 364, 366 (1894);

*State v. Platt,* 496 S.W.2d 878, 882 (Mo. App.1973); *see also* 24 C.J.S., *Criminal Law,* § 1454 (1961). In both *Moberly* and *Platt,* the denial of a motion for new trial on this ground was held to be erroneous, despite any knowledge on the part of the prosecutor that the testimony was false. *Moberly,* at 366; *Platt,* at 882. In contrast, it has been held that a claim of perjury will not support a motion for new trial absent a showing of knowing use by the prosecution. *State v. Flauaus,* 515 S.W.2d 873, 880 (Mo.App.1974); *see also State v. Galardo,* 654 S.W.2d 360, 362 (Mo. App.1983); *State v. Gant,* 586 S.W.2d 755, 764 (Mo.App.1979); *State v. Nolan,* 499 S.W.2d 240, 250 (Mo.App.1973).

There is also authority to the effect that perjury which is unknown to the prosecution will not support a post-conviction request either for vacation of judgment or for a new trial under Rule 27.26. *Harris, supra,* at 502–03 (vacation); *Williams v. State,* 536 S.W.2d 190, 193 (Mo.App.1976) (new trial); *Duncan v. State,* 520 S.W.2d 123, 124 (Mo.App.1975) (new trial); *Tyler v. State,* 501 S.W.2d 189, 191 (Mo.App.1973) (new trial); *see also DeClue v. State,* 579 S.W.2d 158, 159 (Mo.App.1979) ("post-conviction relief"); *Voegtlin v. State,* 546 S.W.2d 40, 41 (Mo.App.1977) ("post-conviction relief"). This Court has determined that a claim of perjury will not support a request for post-conviction relief under Rule 27.26, reasoning that such a proceeding "is not the proper vehicle for relief on the basis of newly discovered evidence." *Westmoreland v. State,* 594 S.W.2d 596, 598 (Mo. banc 1980).

█ Anyhow, in this case it is unnecessary to determine whether a defendant may successfully challenge his conviction on the basis of perjured testimony unknown to the prosecutor in either a motion for new trial or a collateral proceeding under Rule 27.26, since the perjury was known to movant at the time of his trial and not disclosed by him either to the court or to the prosecutor. Any claim of newly discovered evidence requires a showing that the evidence was unknown to defend-

ant at the time of trial and could not have been discovered earlier through the exercise of due diligence. *State v. Williams,* 652 S.W.2d 102, 114 (Mo. banc 1983). The requirement is equally applicable to claims of perjury.

In *Taylor v. United States,* 229 F.2d 826, 833 (8th Cir.1956), *cert. denied,* 351 U.S. 986, 76 S.Ct. 1055, 100 L.Ed. 1500 (1956), it was held that an accused person may not base a collateral attack on perjured testimony which he knew to be false at the time of trial but regarding which he chose to remain silent. That is precisely the circumstance here. Movant knew not only that Colson perjured himself but knew the true circumstances which that perjury concealed. He offered Colson the opportunity, on cross-examination, to admit those facts but did not choose to reveal them in his direct testimony. Admittedly, movant may have been reticent to disclose the nature of the arrangement with Colson, but he will not now be heard to complain of perjury which he knowingly chose to conceal at the time of trial. So the following statement is Most felicitious to this case: "deliberate toleration of the commission of perjury cannot be later employed to gain judicial relief for one who connived in the use of the perjury." *Decker v. United States,* 378 F.2d 245, 251 (6th Cir.1967).

The judgment of the trial court denying movant's petition for writ of error coram nobis is affirmed.

RENDLEN, C.J., and HIGGINS, BILLINGS and BLACKMAR, JJ., concur.

DONNELLY, J., dissents.

WELLIVER, J., dissents in separate opinion filed.

WELLIVER, Judge, dissenting.

I respectfully dissent. Neither sarcasm, ridicule, big words or the facts set forth persuade me that we should affirm tampering with or stealing an automobile. The facts do appear sufficient to sustain a charge of fraud or conspiracy to defraud. Retrial of this movant on such a charge is a

small price to pay for maintaining fairness and integrity of the law.