**Edgar E. SIMPSON, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 13809.**

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 23, 1985.

Motion for Rehearing or to Transfer to Supreme Court Denied Sept. 30, 1985.

Application to Transfer Denied
Nov. 21, 1985.

Elise Branyan, Asst. Public Defender, Springfield, for movant-appellant.

William L. Webster, Atty. Gen., Thomas Carter II, Asst. Atty. Gen., Jefferson City, for respondent.

TITUS, Presiding Judge.

Movant-appellant was jury-convicted of burglary in the second degree and felonious stealing, § 569.170 and § 570.030[1] and thereafter sentenced to ten years on each charge, said sentences to run consecutively. His convictions were affirmed on appeal. *State v. Simpson,* 614 S.W.2d 31 (Mo.App. 1981). Simpson now appeals denial of his Rule 27.26 motion to vacate his convictions and sentences. An evidentiary hearing was held. Movant and his trial counsel testified. The hearing court, upon considering the evidence presented at the evidentiary hearing, entered findings of fact and conclusions of law and overruled movant's motion. Our review is limited to determining whether the findings, conclusions and judgment are clearly erroneous. Rule 27.-26(j).

Movant asserts that the hearing court erred in finding that his trial attorney provided effective assistance of counsel. Movant contends that his trial counsel failed to subpoena and call four defense witnesses to testify at trial whose testimony would have provided movant with an alibi defense and would have shown that movant had lawful access to the sheds from which property was stolen. At his Rule 27.26 hearing, no other witnesses were called by movant. Simpson's trial attorney testified that movant did not advise him of any witnesses who could establish an alibi for movant. The hearing court found that movant did not supply his attorney the names of any witnesses who could establish an alibi.

■ The trial judge chose not to believe Simpson's testimony that he had told his trial counsel about several alibi witnesses. The trial judge was entitled to disbelieve testimony of movant as to whether he had told his trial counsel about these witnesses. *Van Moore v. State,* 667 S.W.2d 470, 471[2] (Mo.App.1984). Even if not directly contradicted, the trial judge can disbelieve testimony. *Mansfield v. State,* 625 S.W.2d 214, 215[2] (Mo.App.1981).

■ The second point relied on by movant is that the hearing court improperly held that the issue of newly discovered evidence was not cognizable in an action for relief pursuant to a 27.26 motion. Simpson at his hearing wished to raise admissions by two men that one of them, along with others, had committed the crimes for which Simpson had been charged and convicted. Newly discovered evidence is not a proper subject in a motion to vacate a sentence. *Lane v. State,* 611 S.W.2d 44, 46[6] (Mo.App.1981).

The findings, conclusions, and order denying Simpson's motion to vacate are not clearly erroneous. The hearing court's order denying relief is affirmed.

FLANIGAN and GREENE, JJ., concur.

---

1. Unless otherwise stated, all references to statutes and rules are to RSMo 1978 and Missouri

Rules of Court, V.A.M.R.