Ronnie E. TROTTER, Appellant,

v.

STATE of Missouri, Respondent.

No. 38939.

Missouri Court of Appeals,
Western District.

Aug. 4, 1987.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Sept. 1, 1987.

Application to Transfer Denied
Oct. 13, 1987.

James L. McMullin, Kansas City, for appellant.

William Webster, Atty. Gen., Kurt A. Hentz, Asst. Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., for respondent.

Before TURNAGE, P.J., and BERREY and GAITAN, JJ.

GAITAN, Judge.

The plaintiff, Ronnie E. Trotter, was the defendant in a criminal action wherein he was charged and found guilty by a jury of Murder in the First Degree and Armed Criminal Action. These charges stemmed from the killing of a Kansas City, Missouri police officer. The convictions were affirmed on appeal in an unpublished memorandum opinion. *State v. Trotter*, 706 S.W.2d 890 (Mo.App.1986). He now appeals the trial court's adverse ruling on his Rule 27.26 motion claiming the following as error: (1) holding that a 27.26 proceeding is not the proper vehicle for relief based upon newly discovered evidence; (2) denying defendant a motion for new trial based upon newly discovered evidence in violation of defendant's constitutional right to due process; (3) denial of defendant's due process under the 14th Amendment to the United States Constitution and the Missouri Constitution Art. I, § 10 by denying defendant a new trial since there is a reasonable likelihood that the false testimony could have affected the jury. We affirm the judgment of the trial court.

The facts of this case which are pertinent to the disposition of this matter on appeal may be briefly stated as follows. Two Kansas City police officers were called to Westport High School located in Kansas City, Missouri to investigate a burglary. One of the officers, Phillip Miller, radioed the other and indicated that he thought he had found a suspect and described that suspect as a Negro male. When the other police officer tried to respond to that transmission, she got no response. When she tried to locate Officer Miller, she found him wounded near the school. He subsequently died from gunshot wounds to his chest.

Officer Miller's service revolver, a .38 caliber Smith & Wesson, was not found on his body. Initially the police thought that Officer Miller was killed with his own revolver, since his revolver was missing and a .38 caliber slug was removed from his body. This theory later was abandoned when Larry Hall was apprehended after shooting at Officer Fred Phillips and the gun used by Hall was recovered. Ballistic tests were performed by John Cayton of the Regional Criminalistics Laboratory on Hall's gun. Mr. Cayton testified at defendant's trial that it was his opinion that the .357 magnum revolver used by Hall to assault Officer Phillips also fired the .38 caliber slug removed from Officer Miller's body. No direct connection between Hall and defendant, nor between defendant and the .357 revolver, was shown at trial.

Sometime after the trial of this case, Officer Miller's gun was recovered and examined by John Cayton. Mr. Cayton testified at defendant's Rule 27.26 hearing that he is now of the opinion that it was Officer Miller's gun, and not the .357 magnum recovered from Hall and used by the State in defendant's trial, which caused the death of Officer Miller.

### I.

Defendant asserts that the trial court erred in holding that a Rule 27.26 proceeding is not the proper vehicle for relief based upon newly discovered evidence. Defendant cites as authority for his position *State v. Mims*, 674 S.W.2d 536 (Mo. banc 1984). Our reading of that case leads us to a different conclusion.

In *Mims*, the defendant petitioned for a writ of error coram nobis seeking to collaterally attack a conviction which was obtained by perjured testimony. The court noted that a writ of error coram nobis was not available to the defendant because he was still serving his sentence. The court stated, "[i]n such circumstances, a proceeding under Rule 27.26 is the appropriate remedy." *Mims*, 674 S.W.2d at 538. Apparently it is this statement upon which defendant places his reliance. It is clear that, when read in context, the *Mims* court

was stating merely that Rule 27.26, as opposed to a writ of error coram nobis, is the appropriate mechanism for a person who is still serving his or her sentence to collaterally attack his or her conviction.

■ It is well-settled in Missouri that newly discovered evidence is not the basis for relief in a Rule 27.26 proceeding. *Westmoreland v. State*, 594 S.W.2d 596, 598 (Mo. banc 1980); *Whitaker v. State*, 451 S.W.2d 11, 14–15 (Mo.1970); *Simpson v. State*, 699 S.W.2d 100, 101 (Mo.App. 1985); *Lockett v. State*, 679 S.W.2d 337, 340 (Mo.App.1984); *Harbour v. State*, 660 S.W.2d 12 (Mo.App.1983); *Phillips v. State*, 639 S.W.2d 270, 275 (Mo.App.1982); *Drake v. State*, 582 S.W.2d 711, 714 (Mo. App.1979). This rule was not changed in *Mims*. In fact, the *Mims* court pointed out that, "[t]his court has determined that a claim for perjury will not support a request for post-conviction relief under Rule 27.26, reasoning that such a proceeding 'is not the proper vehicle for relief on the basis of newly discovered evidence'." *Mims*, 674 S.W.2d at 539, citing, *Westmoreland v. State*, 594 S.W.2d 596, 598 (Mo. banc 1980). We conclude that defendant is not entitled to relief under Rule 27.26 merely on the basis of newly discovered evidence.

■ While it appears the defendant might have a right for which he was not given an opportunity to seek relief, he did have his day in court on the issue of his newly discovered evidence. Even though defendant's efforts to reopen the case came after his direct appeal was exhausted, the trial court considered the newly discovered evidence in the context of the overall evidence in the case. The trial court has discretion to grant a new trial on the basis of newly discovered evidence. However the defendant must prove:

... (1) the evidence has come to the knowledge of the defendant since the trial; (2) it was not owing to want of due diligence that it was not discovered sooner; (3) the evidence is so material that it would probably produce a different result on a new trial; and (4) it is not cumulative only or merely impeaching the credit of the witness....

*State v. Johns*, 679 S.W.2d 253, 266 (Mo. banc 1984); *State v. Harper*, 473 S.W.2d 419, 421 [1] (Mo. banc 1971). The court concluded that the defendant had failed to meet his burden in establishing at least one of the essential elements needed to justify a new trial. The defendant failed to prove that the change in Cayton's opinion is so material that it would probably produce a different result on a new trial. There was no relationship shown in the trial to exist between Trotter and the .357 magnum. Nor is there any link shown between Trotter and the .38 which Cayton now says fired the fatal bullet. Absent any connection between Trotter and either gun, it cannot be said that a new trial to bring out the Cayton change of opinion would be so material as to probably produce a different result. Further, the evidence presented at trial included admissions made by the defendant to a fellow inmate which was overheard by two persons. We agree with that finding of the trial court.

## II.

■ Defendant claims in his second and third points that due process requires that he be granted a new trial because false, untrue and incorrect evidence was introduced against defendant and it is reasonably likely that this evidence affected the jury. In support of that position, he relies upon *United States v. Burkhead*, 491 F.Supp. 1166, 1172–73 (W.D.Mo.1980), rev'd in part on other grounds, 646 F.2d 1283 (8th Cir.1981), *cert. denied*, 454 U.S. 898, 102 S.Ct. 399, 70 L.Ed.2d 214 (1981), *United States v. Agurs*, 427 U.S. 97, 103, 96 S.Ct. 2392, 2397, 49 L.Ed.2d 342 (1976) and *State v. Runge*, 593 F.2d 66, 73 (8th Cir. 1979). Those cases dealt with the knowing use of perjured testimony by the prosecution, or other prosecutorial misconduct, which is not applicable here. The testimony of John Cayton was true and correct as to the best of Mr. Cayton's knowledge at the time of the trial. There is no prosecutorial misconduct at issue here to bring the due process arguments of those cases into play.

The court in *State v. Harris*, 428 S.W.2d 497, 502–03 (Mo.1968), also cited by defendant in support of his argument, stated:

By this opinion we do not intend to relax or depart from the rule that in order to vacate a judgment claimed to have been procured by false testimony under Criminal Rule 27.26 it is a requirement that it be alleged and proved that the State knowingly used false testimony or knowingly failed to correct testimony which it knew to be false.

The other cases cited by defendant, *State v. Murray*, 91 Mo. 95, 3 S.W. 397 (1887), *State v. Bailey*, 94 Mo. 311, 7 S.W. 425 (1888), *State v. Jennings*, 326 Mo. 1085, 34 S.W.2d 50 (1930), and *State v. Platt*, 496 S.W.2d 878 (Mo.App.1973), all involve review on direct appeal of the trial court's failure to grant a new trial, and not a request for post-conviction relief under Rule 27.26.

We find *Drake v. State*, 582 S.W.2d 711, 714 (Mo.App.1979), to be on point with the present case wherein the court stated:

The conclusion is inescapable that appellant is attempting to use these Rule 27.26 proceedings as a form for relitigating his guilt or innocence, and this he may not do, *Bradley v. State*, 494 S.W.2d 45, 48[3] (Mo.1973).

The judgment of the trial court is affirmed.

All concur.