**Keith HAYES, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 51667.

Missouri Court of Appeals,
Eastern District,
Division One.

July 19, 1988.

William J. Shaw, Public Defender, Mark J. McSweeney, Asst. Public Defender, Clayton, for appellant.

William L. Webster, Atty. Gen., Jatha B. Sadowski, Asst. Atty. Gen., Jefferson City, for respondent.

SATZ, Presiding Judge.

This is an appeal from denial of a motion under former Rule 27.26. This Court previously affirmed that denial in a per curiam order. Our Supreme Court granted movant's application for transfer and, subsequently, transferred the case back to this Court for re-examination of our order in light of *Sanders v. State*, 738 S.W.2d 856 (Mo. banc 1987). Upon re-examination, we again affirm the trial court's denial of movant's Rule 27.26 motion.

After a jury trial, movant was convicted of kidnapping, first degree robbery and armed criminal action. On direct appeal, this Court reversed movant's conviction for armed criminal action and affirmed the first degree robbery and kidnapping convictions. *See State v. Hayes*, 637 S.W.2d 33 (Mo.App.1982). Movant now contends that a Basil Broaddus committed these crimes and movant was not an accomplice. More specifically, movant argues we should vacate his sentences because (1) his trial counsel failed to locate and call Broaddus as a witness for movant at trial and (2) after movant's conviction and before his sentencing, his trial counsel failed to use Broaddus' then available testimony as grounds for a new trial. Either of these failures, movant contends, constitutes ineffective assistance of counsel, and the trial court, movant argues, thus erred in denying his 27.26 motion.

To prevail on his claim of ineffective assistance of counsel, movant must establish: (1) his trial counsel's performance failed to conform to that degree of skill and competence required of a reasonably competent attorney under similar circumstances, and (2) movant was thereby prejudiced. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Jackson v. State*, 672 S.W.2d 367, 368 (Mo.App.1984). Moreover, movant must prove both components of the "Strickland standard" by a preponderance of the evidence. *See Sanders*, 738 S.W.2d at 857; Rule 27.26(f).

At the evidentiary hearing on his motion, movant testified that, prior to his original

trial, he requested his trial counsel to call Broaddus as a witness. Movant said Broaddus could have been located prior to or during trial and Broaddus' testimony would have exonerated movant. However, movant admitted there was an arrest warrant out for Broaddus during movant's trial, and movant also admitted he never mentioned Broaddus to his trial counsel during the trial.

In addition, movant testified that Broaddus was arrested on a fugitive warrant after movant was convicted but before movant was sentenced, and, according to movant,

> [Broaddus] ... made a statement to [movant's trial counsel] ... that [movant] was not the guy who was with him during the time of the robbery and kidnapping....

To complete the record, the court took judicial notice of the records of movant's trial and of Broaddus' plea of guilty.

Notwithstanding movant's testimony, the State did not call movant's trial counsel as a witness at the hearing on the 27.26 motion. Thus, on this record, there is no affirmative showing that movant's trial counsel either made a reasonable attempt to find Broaddus or made a reasonable decision not to make this attempt and not to call Broaddus as a witness at trial; nor is there an affirmative showing that movant's trial counsel made a reasonable decision not to use Broaddus' testimony as grounds for a new trial. *See Strickland, supra,* 466 U.S. at 691, 104 S.Ct. at 2066; *Sanders, supra,* 738 S.W.2d at 858.

Assuming, for the moment, that trial counsel's performance was deficient because he failed to locate and call Broaddus as a witness either during trial or before sentencing, movant must still show what Broaddus' testimony would have been and how it would have aided him. *See Sanders,* 738 S.W.2d at 860–861. The implicit, unarticulated premise in this requirement is that Broaddus would indeed testify as movant said he would. Movant, however, failed to convince the trial court of this by a preponderance of the evidence, and the trial court's finding of this failure is not, on this record, clearly erroneous. Rule 27.-26(j).

Movant's hearsay testimony was the only evidence that Broaddus would have exonerated movant had he been called to testify on movant's behalf. However, Broaddus, in his plea of guilty relied upon by movant, said nothing to indicate movant was not involved in the charged offenses. Broaddus simply admitted that he committed the offenses acting with another. Moreover, movant neither called Broaddus as a witness at the evidentiary hearing below nor did he proffer an affidavit or, even, a written statement from Broaddus. Furthermore, at movant's trial, the State introduced movant's written confession, and, in that confession, movant not only effectively confessed to being an accomplice to the crimes, he specifically "fingered" Broaddus as the perpetrator. Based upon this record, the trial court found it "incredulous that Movant, per [his confession] from *State v. Hayes,* ... would admit committing the offenses and implicate Broaddus, who was a fugitive at the time of Movant's trial, and at the same time expect Mr. Broaddus to come to court to exonerate Movant."

We find nothing erroneous about this rejection of movant's testimony by the trial court. We give "[d]ue regard ... to the opportunity of the trial court to have judged the credibility of witnesses in the nonjury case." Rule 73.01(c)(2). Moreover, the trial court may properly reject movant's testimony even when it is uncontested, *see Carns v. State,* 598 S.W.2d 158, 161 (Mo.App.1980), particularly when the trial court specifically expresses a reasonable basis for this rejection. *See, e.g. Johnson v. State,* 615 S.W.2d 502, 504 (Mo.App.1981); *Caldwell v. State,* 682 S.W.2d 52, 53 (Mo.App.1984).

Out of a proper concern for the rights of an accused, we have developed a detailed and easily understood process for post conviction remedies. In implementing this

process, however, neither the trial court nor we are required to suspend our common sense and, in turn, our disbelief in evaluating the testimony of movant.

With movant's hearsay testimony properly rejected, his proof of prejudice fails. Thus, the trial court properly denied his motion. *See Sanders, supra,* 738 S.W.2d at 857.

Judgment affirmed.

KELLY and CRIST, JJ., concur.