Sam GUNTER, Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 15468.

Missouri Court of Appeals,
Southern District,
Division One.

July 26, 1988.

Brian P. Taylor, Taylor & Taylor, Neosho, for movant-appellant.

William L. Webster, Atty. Gen., Jared Richard Cone, Asst. Atty. Gen., Jefferson City, for respondent.

GREENE, Judge.

Sam Gunter appeals from the circuit court's denial, after evidentiary hearing, of his Rule 27.26[1] motion to vacate his sentence of eight years' imprisonment imposed after his jury-conviction of the class B felony of rape, § 566.030.3, .4.[2] The rape charge was based on the allegation that Gunter had sexual intercourse with his 12 year-old niece, W.B. Gunter appealed his conviction, which was affirmed by this court. *State v. Gunter*, 715 S.W.2d 576 (Mo.App.1986).

Facts relevant to this appeal are as follows. Dottie Gunter, who was divorced from, but living with, Gunter at the time of the alleged rape, testified at the preliminary hearing that she had seen Gunter having sexual intercourse with W.B., Gunter's niece. W.B. testified at the preliminary hearing, and said that Gunter had sexual intercourse with her on the day in question. Before trial, Gunter remarried Dottie, and announced he intended to invoke the doctrine of spousal immunity as to Dottie's proposed testimony. At trial, the state offered, as a part of its case in chief, the taped testimony Dottie gave at the preliminary hearing concerning her witnessing the sexual act. W.B. repeated her testimony that she had given at the preliminary hearing. Dottie then testified as a witness for Gunter, and recanted her testimony given at the preliminary hearing, and said that she had lied because agents of the state had told her that if she did not say she had seen the sexual intercourse occur, they would "put me in jail and put a high bond on me, and I can't get out...." The jury evidently did not believe Dottie's explanation, as they found Gunter guilty.

Some time later, Gunter filed his motion to vacate his conviction and sentence, which motion, after amendment, alleged that he had been convicted on the basis of perjured testimony given by W.B. at trial, which was the same as she gave in the preliminary hearing, and by Dottie at the preliminary hearing. At the evidentiary hearing, the only evidence offered in support of the motion to vacate was the testimony of W.B., now 16 years of age, and the testimony of Dottie. W.B. disavowed the testimony she had given at the preliminary hearing and at trial, alleging she had lied on the two prior occasions because (1) she had been on drugs both times, (2) she thought she was pregnant and needed a "fall guy," and (3) she was mad at Sam because they had gotten into an argument and he had attempted to discipline her. Dottie recanted her preliminary hearing testimony, giving the same reasons for her perjury that she had given in her testimony at trial.

In its findings of fact and conclusions of law, the hearing court found the testimonies of Dottie and W.B. unworthy of belief, and that there was no evidence from which the court could find, even if the testimony of W.B. given at the preliminary hearing and at trial was untrue and the testimony of Dottie given at the preliminary hearing was untrue, that the prosecutor or anyone acting for the state had any knowledge of false testimony. The hearing court concluded that before a conviction can be set aside on the basis of perjured testimony, the movant must establish that (1) the testimony was false, (2) the state knew it was false, and (3) the conviction was obtained as a result of the perjured testimony. The court also concluded that a motion to vacate is not the proper vehicle to raise the claim of newly discovered evidence, and that since the issue in question was litigated on direct appeal, it could not be relitigated through the process of filing a motion to vacate. The hearing court then denied the motion.

---

1. Rule 27.26 was repealed effective January 1, 1988. Page 142, Missouri Rules of Court (19th ed. 1988). The instant proceeding continues to be governed by Rule 27.26, as the sentence was pronounced prior to January 1, 1988, and movant's motion under Rule 27.26 was pending prior to January 1, 1988. Rule 29.15(m), Missouri Rules of Criminal Procedure (19th ed. 1988).

2. RSMo 1986.

**596**

Our duty is to affirm the trial court's finding, conclusions, and judgment unless they are clearly erroneous. Rule 29.15(j), Missouri Rules of Court (19th ed. 1988).

In his only point relied on in this appeal, Gunter contends that the hearing judge erred in finding that a prosecuting attorney must consciously and deliberately use perjured testimony before a violation of the due process clause of the United States and Missouri Constitution occurs, because the use of perjured testimony, whether consciously and deliberately or not, involves a fundamental unfairness and undermines the integrity of our system of justice. This argument assumes that Dottie and W.B. were telling the truth when they testified at the evidentiary hearing. The hearing judge did not think so, since he labelled their testimony "unworthy of belief."

■ The motion court is not required to believe the testimony of the movant, or any other witness, at a motion to vacate evidentiary hearing, and an appellate court must defer to the motion court's determination of credibility. *Johnston v. State*, 748 S.W.2d 187, 188 (Mo.App.1988). The motion court's credibility finding precludes consideration of the law regarding use of perjured testimony by the prosecution. Even if it did not, there was no evidence presented at the hearing from which it could be inferred that the prosecution had any idea that the testimony given by Dottie at the preliminary hearing, and that given by W.B. at the preliminary hearing and at trial concerning the sexual act was false. Gunter concedes that perjury which is unknown to the prosecution will not support a post-conviction request for the vacation of a conviction, citing *Voegtlin v. State*, 546 S.W.2d 40 (Mo.App.1977), but urges us to "reconsider a well established principle of law in the State of Missouri."

■ We could not do so, even if we thought a relaxation of the requirement of prosecutorial knowledge of perjury was justified, as the Supreme Court of Missouri has spoken on the issue, and has concluded that deliberate or conscious use of perjured testimony by a prosecutor must be shown before a due process violation can occur in cases where the claim of a conviction based on perjured testimony is raised. *State v. Mims*, 674 S.W.2d 536, 538 (Mo. banc 1984). Decisions of the Missouri Supreme Court are controlling on legal issues, and are binding on us. Mo. Const. art. V, § 2; *State v. Jones*, 703 S.W.2d 41, 42 (Mo.App. 1985).

The findings, conclusions and judgment of the motion court are supported by the record, are based on proper interpretation of the law of the state of Missouri, and are not clearly erroneous.

The order of the motion court denying relief is affirmed.

HOLSTEIN, C.J., and CROW, J., concur.