STATE of Missouri, Respondent,

v.

Jeffrey JOHNSTON, Appellant.

No. 50775.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 28, 1986.

Motion for Rehearing and/or Transfer
Denied Dec. 3, 1986.

Thomas R. Schlesinger, St. Louis, for appellant.

William L. Webster, Atty. Gen., John Munson Morris, Carrie Francke, Asst. Attys. Gen., Jefferson City, for respondent.

CRIST, Judge.

Appeal from a jury conviction for stealing, for which defendant was sentenced, as a prior offender, to imprisonment for seven years.

The sufficiency of the evidence is not challenged. Defendant did not deny he entered a store, picked up two pairs of automobile stereo speakers and an empty box for an automobile stereo, and left. At trial defendant asserted he was so intoxicated due to the ingestion of alcohol and prescription medication he was unable to form the intent to permanently deprive the owner of his property, and therefore could not be guilty of stealing. On appeal defendant claims error in the overruling of his challenges for cause to eight members of his venire panel due to their unwillingness to follow the court's instructions on the issue of intoxication.

The law relating to jury selection is quite well settled. While defendant is entitled to a full panel of qualified jurors from which to make his peremptory strikes, the trial court has broad discretion to exercise in ruling upon the qualifications of any particular juror. A ruling on a challenge for cause will not be disturbed on review except for a clear abuse of that discretion, with a real probability of injury to the defendant. *State v. Barks*, 711 S.W.2d 892, 895 (Mo.App.1986). The personal opinions of a prospective juror are material only to the extent those opinions would prohibit the juror from following the court's instructions. *State v. Johnson*, 670 S.W.2d 882, 887 [15] (Mo.App.1984).

On voir dire defense counsel asked the panel if any of them felt when a person mixed drugs and alcohol and became intoxicated, and took another person's property, he should be held responsible regardless of the extent of the intoxication. All members of the panel answered yes. Defense counsel then asked if they could follow an instruction to acquit the defendant if he were intoxicated to the point where he could not form the necessary intent. Many, including the eight at issue here, stated they would have various degrees of difficulty following such an instruction.

The State was then allowed additional voir dire and asked if an intoxication instruction was given, and a juror felt the State did not prove defendant was not that intoxicated, whether that juror would acquit the defendant. Venireman Elrod stated he could follow such an instruction; veniremen Sikes and Jaycox stated they could not; and venireman Clark stated it would be difficult, but that he could try. The trial judge then intervened, stating he realized everyone had preconceived notions as to what the law was, and philosophical notions as to what the law should be; but that in court one had to accept the law as made by the state legislature and declared by the courts. He further stated they were attempting to discover if the members of the panel could put aside their preconceived or philosophical notions concerning the law and give the State and the defendant a fair trial based upon the law given the jury in the court's instructions.

Following the court's statement, veniremen Hill, Roed, Elrod, Whitener, Griffon, White, Roach, Wagganer, and Francis stated, with varying degrees of positiveness, they could follow the instruction. Venireman Elrod stated: "He'll have to prove it. If he wasn't and he was just out drinking, just out to steal the speakers, I'd find him guilty. If I thought he was out of his mind and could not make a decision on his own, from drinking, then I would find him innocent." Venireman Whitener said she could follow the law but would not like it, and Wagganer said he hoped he would not have to but he could follow the law. Venireman Roach stated he could acquit, after hearing the evidence, if the State had not met its burden of proof on the intoxication issue; but that it was difficult to answer the question. The prosecutor agreed, stating he knew the venire did not "know anything about the facts yet."

Veniremen Sikes, Jaycox, Cook, Berry, Skaggs and Pippin all stated they would be unable to follow the instruction. Venireman Clark stated it would be difficult, but that he would try to follow these instructions. The court struck veniremen Cook, Jaycox, Sikes, Berry, Skaggs, Pippin, Wagganer and Clark for cause, but overruled challenges for cause to the eight at issue here. Defendant claims the court abused its discretion in overruling these challenges for cause. We disagree.

Upon initial questioning, all members of the venire expressed reservations concerning the intoxication defense. Following further questioning, and following the court's interjection, of the veniremen retained on the panel, six unequivocally stated they could follow the law and were therefore properly retained. *See e.g., State v. Evans*, 701 S.W.2d 569, 574 (Mo.App. 1985). Only Elrod and Roach answered in a manner which could possibly be classified as raising a doubt as to their qualifications, and both stated they could in fact find defendant innocent after hearing the evidence if he were intoxicated to the point necessary. Based upon the voir dire answers of the veniremen whose rentention on the panel is questioned, the trial court could reasonably have found them to be qualified jurors who would follow the law and give the State and the defense a fair trial. *Johnson*, 670 S.W.2d at 887.

Judgment affirmed.

SATZ, P.J., and KELLY, J., concur.