Jeffrey JOHNSTON, Movant–Appellant,

v.

STATE of Missouri,
Respondent–Respondent.

No. 53522.

Missouri Court of Appeals,
Eastern District,
Division One.

April 19, 1988.

M. Dwight Robbins, Fredericktown, for movant-appellant.

William L. Webster, Atty. Gen., Jared R. Cone, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals from the denial of his Rule 27.26 motion after an evidentiary hearing. We affirm.

Movant was convicted by a jury of felony stealing, § 570.030.3(1), RSMo 1982, and was sentenced as a prior offender by the trial court to a prison term of seven years. His conviction was affirmed by us. *State v. Johnston*, 720 S.W.2d 375 (Mo.App.1986). At trial movant did not deny he had entered a store, picked up two pairs of car stereo speakers and an empty box for a car stereo, and left. His defense was that he did not have the requisite intent for stealing because of voluntary intoxication from ingestion of alcohol and prescription medication. *Johnston*, 720 S.W.2d at 375.

After his conviction movant filed a pro se Rule 27.26 motion, alleging three grounds for vacating his conviction and sentence. Counsel was appointed to represent him. The state moved to dismiss the motion because it failed to state specific facts in support of its claims which would entitle movant to relief. The court granted the motion to dismiss on all of movant's claims except one alleging his counsel coerced him into testifying at trial. At the evidentiary hearing on that claim movant, his father, and his counsel at trial testified. Thereafter, the motion court issued findings of fact and conclusion of law, denying the motion.

In his sole point on appeal movant contends the court erred in finding counsel did not coerce him into testifying at trial. Movant argues the court should have found his testimony and that of his father's of equal credibility to that of movant's counsel.

Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j); *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986). The motion court's findings and conclusions are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Richardson*, 719 S.W.2d at 915.

At the evidentiary hearing movant testified that in a conversation at his father's trailer, approximately six months prior to trial, counsel said that if he did not testify to support the voluntary intoxication defense counsel would withdraw from the case. Movant stated counsel never told him he did not have to testify. Movant's father testified, echoing movant's testimony regarding counsel's statement that he would withdraw if movant did not testify. Counsel, a public defender, stated that voluntary intoxication was movant's only realistic defense, that they had discussed it prior to trial, that he and movant discussed the "pros and cons" of movant testifying, and that movant did not oppose using the defense. Counsel said he had not threatened a client with withdrawal if the client did not cooperate. After hearing the evidence, the motion court found the testimony of movant and his father not to be credible and denied movant's motion.

The motion court is not required to believe the testimony of a movant or any other witness at a Rule 27.26 hearing, and an appellate court must defer to the motion court's determination of credibility. The movant has the burden of proving his asserted grounds for relief by a preponderance of the evidence. *Armour v. State*, 741 S.W.2d 683, 688 (Mo.App.1987). The findings and conclusions of the motion court are not clearly erroneous.

Judgment affirmed.

GARY M. GAERTNER, P.J., and CRIST, J., concur.